168. As a proximate result of Grunstein, Levinson, and Troutman's breaches of fiduciary duties, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

169. Because the breaches of fiduciary duty are wanton, willful and malicious, Plaintiffs should also recover punitive damages in an amount at least double the amount of compensatory damages.

**SECOND CAUSE OF ACTION**
**(Breach of Fiduciary Duty Against H. Grunstein)**

170. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-169 of the Complaint.

171. H. Grunstein has fiduciary duties to Bodner that arise as a matter of law based on his position as a co-owner and co-managing member of DMV.

172. H. Grunstein has violated his fiduciary duties to Bodner by engaging in the following activities, among others: causing IHSLTC to unilaterally assign its interests in the B Package leaseholds to Fundamental without Bodner's necessary approval and without consideration; approving IHSLTC's assignment of its Right of First Offer to Fundamental and permitting Fundamental and THI to purchase fee-owned health care facilities without Bodner's approval and without consideration; taking actions dictated by his brother, Grunstein, that were barred by the express terms of the Operating Agreement of DMV; and purporting to terminate Bodner's interests in ABE and DMV and his rights under the consulting agreement.

173. Bodner has been injured by the violations of fiduciary duty by H. Grunstein. As a proximate result of H. Grunstein's breaches of fiduciary duties, Bodner has suffered damages in

an amount to be proven at trial but are believed to be many millions of dollars, and to appropriate injunctive and equitable relief.

174. Because the breaches of fiduciary duty are wanton, willful and malicious, Plaintiffs should also recover punitive damages in an amount at least double the amount of compensatory damages.

**THIRD CAUSE OF ACTION**
**(Aiding and Abetting and Inducing Breach of Fiduciary Duty Against Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman)**

175. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-174 of the Complaint.

176. Defendants Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman aided and abetted and induced H. Grunstein in breaching his fiduciary duties owed to Bodner.

177. H. Grunstein owed to Bodner fiduciary duties as described more fully herein and by engaging in the acts and omissions as described in detail herein, H. Grunstein breached his fiduciary duties to Bodner.

178. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman were active and knowing participants in H. Grunstein's breach of fiduciary duties and induced his actions in violation of his obligations and in furtherance of their scheme to misappropriate the assets of DMV.

179. As a proximate result of Grunstein, Forman, MetCap, Tabler, Levinson, Fundamental, THI, and Troutman's aiding and abetting H. Grunstein's breach of fiduciary duties, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

**FOURTH CAUSE OF ACTION**
**(Breach of DMV Operating Agreement Against H. Grunstein)**

180. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-179 of the Complaint.

181. H. Grunstein purported to cause DMV and its wholly owned entities to enter into numerous unauthorized transactions, including but not limited to: causing IHSLTC to assign its interests in the B Package leaseholds to Fundamental; approving IHSLTC's assignment of its Right of First Offer to Fundamental and permitting Fundamental and THI to purchase fee-owned health care facilities without Bodner's approval and without consideration; and purporting to terminate Bodner's interests in ABE and DMV.

182. H. Grunstein's conduct violates his duties and obligations as co-managing member under the DMV Operating Agreement. H. Grunstein has willfully breached the DMV Operating Agreement, engaged in willful misconduct, and acted with gross negligence.

183. Plaintiffs have been injured by H. Grunstein's breaches of the DMV Operating Agreement. As a proximate result of H. Grunstein's misconduct, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

**FIFTH CAUSE OF ACTION**
**(Aiding and Abetting and Inducing Breach of DMV Operating Agreement Against Grunstein, Forman, Metcap, Tabler, Fundamental, THI, Levinson, and Troutman)**

184. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-183 of the Complaint.

185. Defendants Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman aided and abetted H. Grunstein's breach of the DMV Operating Agreement.

186. As described more fully herein, H. Grunstein, through numerous unauthorized actions, violated the terms of the DMV Operating Agreement.

187. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman were active and knowing participants in H. Grunstein's breach of the DMV Operating Agreement and induced him to act contrary to his obligations under the Operating Agreement for the private pecuniary benefit of Grunstein, Levinson and Forman.

188. As a proximate result of Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman's aiding and abetting and inducing H. Grunstein's breach of the DMV Operating Agreement, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

**SIXTH CAUSE OF ACTION**
**(Fraud Against Grunstein and Levinson)**

189. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-188 of the Complaint.

190. Acting as legal counsel, Grunstein and Levinson made numerous material statements to Bodner to induce him to enter into the transactions; to be represented by Grunstein and Levinson in such transactions; to become co-managing member of DMV; to accept H. Grunstein as co-managing member of DMV; and assuring him that his interests would be protected and that his interests in DMV, IHSLTC and ABE and their real estate assets would be extremely valuable.

191. These representations and assurances, carrying with them the further reliability of honesty trustworthiness as coming from legal counsel for Bodner, were knowingly and intentionally false and misleading, and omitted key information from Bodner.

192. Bodner relied on these fraudulent and misleading statements, as well as the omissions, to enter into the transactions and become co-owner of DMV.

193. In fact, Grunstein and Levinson never intended that Bodner's interests in DMV would be protected, but instead would be misused by Grunstein, Levinson and Forman to execute a plan to misappropriate all of the value of DMV and its wholly owned subsidiaries for the exclusive benefit of Grunstein and Forman and their cohorts without their assuming any debt or paying any consideration for the acquisition of assets worth millions of dollars on an annual basis.

194. As a proximate result of Grunstein's and Levinson's fraud, millions of dollars in value and assets have been diverted to Grunstein, Levinson and Forman from Bodner and DMV and Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

195. The foregoing actions of Grunstein and Levinson were wanton, willful and malicious and were particularly egregious in that they were accomplished through the purposeful misuse of the trust and reliance placed in them as attorneys for Bodner and DMV, and therefore Plaintiffs are entitled to an award of punitive damages in an amount at least equal to twice the compensatory damages.

## SEVENTH CAUSE OF ACTION
**(Aiding and Abetting Fraud Against H. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, and Troutman)**

196. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-195 of the Complaint.

197. H. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, and Troutman aided and abetted Grunstein's and Levinson's fraud against Bodner.

198. As described more fully herein, Grunstein and Levinson made numerous material statements to Bodner that were false and misleading, and omitted key information from Bodner.

199. Bodner relied on these fraudulent and misleading statements, as well as the omissions, to enter into the transactions and become owner of DMV.

200. H. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, and Troutman were active and knowing participants in Grunstein's fraud or otherwise assisted in or were responsible for the fraudulent actions of Grunstein and Levinson and were highly compensated for their participation.

201. As a proximate result of H. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, and Troutman's aiding and abetting fraud, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

**EIGHTH CAUSE OF ACTION**
**(Unjust Enrichment Against all Defendants)**

202. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-201 of the Complaint.

203. Defendants have been unjustly enriched at the expense of Bodner. Having diverted millions of dollars in value owned by DMV and hence by Bodner, to their own benefit, including having received millions of dollars in the payment of legal fees and commissions to accomplish the foregoing actions, Defendants received the foregoing benefits to the detriment of Bodner and DMV and continue to retain those benefits.

204. It is against good conscience and equity to permit Defendants to keep the proceeds of their years of misconduct against Bodner and DMV to the detriment of Plaintiffs.

205. As a proximate result of Defendants' unjust enrichment, Plaintiffs have suffered damages in an amount to be proven at trial but believed to be many millions of dollars.

**NINTH CAUSE OF ACTION**
**(Conversion Against all Defendants)**

206. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-205 of the Complaint.

207. As member of DMV, Bodner was contractually entitled to share in DMV's revenues and profits, procured, in part, from the THI rental payments and the ownership of the assets in the B Package through its ownership of the stock of ABE and IHSLTC.

208. Defendants have converted millions of dollars from Bodner and DMV by secretly causing IHSLTC to assign its rights to THI/Fundamental affiliate entities or otherwise permitting Grunstein, Levinson, Forman, MetCap and Fundamental to exercise ownership and control over the B Package real estate assets ultimately owned by Bodner and DMV.

209. As a result of Defendants' actions, Bodner was divested of the value of his ownership of the assets of DMV, including the value of the THI rental payments due and owing under the Agreement to Lease, and thus no longer profited from IHSLTC's status as lessor of numerous health care facilities. Defendants also divested Bodner and DMV of their Right of First Offer to purchase the fee owned health care facilities, as provided under the Agreement to Lease.

210. Plaintiffs have been injured by the conversion of their assets by Defendants. As a proximate result of Defendants' actions, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

**TENTH CAUSE OF ACTION**
**(Legal Malpractice Against Grunstein, Levinson, and Troutman)**

211. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-210 of the Complaint.

212. Acting as Bodner's and DMV's legal counsel, Grunstein and Levinson, and through them as partners, Troutman, continually violated various New York's canons of legal ethics by acting, on the one hand, as Bodner's, IHSLTC's, and DVM's legal counsel, and on the other hand, owning or permitting the conflicting ownership by Levinson and Grunstein of Fundamental and by causing IHSLTC to assign its leases, its Right of First Offer and/or its right to be paid base rent and additional rent in accordance with the Agreement to Lease to Fundamental and its subsidiaries.

213. As a proximate result of Grunstein, Levinson, and Troutman's legal malpractice, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

**ELEVENTH CAUSE OF ACTION**
**(Accounting and Constructive Trust Against all Defendants)**

214. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-213 of the Complaint.

215. Defendants' breaches of duty and misconduct require an accounting to determine the full extent of Plaintiffs' losses and damages and the full extent of the value of the assets and monies diverted to the benefit of Grunstein, Levinson, Forman, Metcap, Troutman, Tabler, H. Grunstein, Fundamental and THI.

216. Bodner's and DMV's assets and the proceeds thereof that are unlawfully in the possession or control of any of the Defendants should be held in constructive trust for the benefit of Bodner and DMV pending the outcome of this case.

217. Plaintiffs are entitled to an order directing an accounting and the imposition of a constructive trust.

**TWELFTH CAUSE OF ACTION**

**(Fraudulent Conveyance Against Forman, MetCap, H. Grunstein, Grunstein, Levinson)**

218. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-217 of the Complaint.

219. Forman, MetCap, H. Grunstein, Grunstein and Levinson were fully aware that DMV had acquired its ownership of ABE and IHSLTC through funds borrowed from Cammeby's Funding and that the sole assets and source of revenue of DMV with which it could repay Cammeby's was derived from its ownership of ABE and IHSLTC and the base rent and additional rent that was payable to them under the Agreement to Lease with THI and the leases entered into thereunder.

220. Notwithstanding the foregoing and indeed, despite having structured and documented the transactions, including the transaction by which DMV borrowed monies from Cammeby's Funding, the said Defendants undertook a course of action intended to and which apparently has divested DMV of all of its assets, leaving it deeply in debt with no assets or revenue with which to repay its debt to Cammeby's Funding.

221. By virtue of the foregoing, the said Defendants have caused the conveyance of the assets of DMV to their own benefit in a knowing and purposeful fraud on the owners and creditors of DMV.

222. By virtue of the foregoing, a constructive trust should be imposed on the assets that have been diverted from DMV, including the fruits thereof, and the Plaintiffs should be entitled to an accounting from all of the Defendants and an order requiring that the Defendants disgorge all monies and benefits they have received from such assets or fruits thereof.

**THIRTEENTH CAUSE OF ACTION**
**(Breach of the Agreement to Lease and Lease Agreements Entered into Thereunder against THI and Fundamental)**

223. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-222 of the Complaint.

224. Pursuant to the terms of the Agreement to Lease and the leases entered into thereunder, ABE/ IHSLTC had the right to receive base rent and additional rent from THI.

225. In addition, pursuant to the terms of the Agreement to Lease and the leases entered into thereunder, ABE/IHSLTC had the exclusive right to acquire ownership of leaseholds from the landlords.

226. In breach of the Agreement to Lease and the leases entered into thereunder, THI and Fundamental have failed and refused to pay ABE/IHSLTC the base rent and additional rent required to be paid.

227. In breach of Section 3.1 Agreement to Lease, which provides IHSLTC with a Right of First Offer, THI and Fundamental have entered into agreements with one or more landlords to acquire ownership rights in the leaseholds in violation of the rights of IHSLTC.

228. In addition, Fundamental induced THI Holdings LLC to sell THI and its subsidiaries, in breach of Section 9.1 of the subleases which prohibits any transaction whereby THI Holdings LLC is no longer the owner of the THI subsidiaries.

229. DMV wholly owns both ABE and IHSLTC and is entitled to the benefits of the Agreement to Lease and the leases entered into thereunder, including the benefit of Section 12 of the subleases entered between the THI subsidiaries and the ABE/IHSLTC subsidiaries, which provides numerous remedies for ABE/IHSLTC to enforce against THI.

230. By virtue of the aforesaid breaches of the Agreement to Lease and the leases entered into thereunder by THI and Fundamental, DMV and Bodner have been injured in an amount to be proven at trial but are believed to be millions of dollars.

**FOURTEENTH CAUSE OF ACTION**
**(Tortious Interference with the Agreement to Lease and Leases Entered into Thereunder by Forman, Grunstein and the MetCap Entities)**

231. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-230 of the Complaint.

232. Upon information and belief, Forman, Grunstein and the MetCap entities undertook to manage the day to day affairs of DMV, ABE and IHSLTC on behalf of Bodner and to assure that THI properly and timely made all base rent and additional rent payments due and owing.

233. Forman and Grunstein were fully aware that DMV had incurred debt owed to Cammeby's Funding in order to acquire ownership of ABE and IHSLTC and that the sole source of funds to repay the monies were from the rental payments from THI. In fact, Grunstein had created DMV and structured the transaction by which DMV acquired ABE and IHSLTC, including preparing the loan documents with Cammeby's Funding.

234. Forman and Grunstein were fully aware of the terms and condition of the Agreement to Lease between ABE and THI and, upon information and belief, Grunstein had been the chief architect and draftsman of the Agreement to Lease and the leases entered into thereunder.

235. With full knowledge of the foregoing, Grunstein, Forman and the MetCap entities tortiously interfered with the rights of ABE, IHSLTC and DMV by inducing THI to breach its obligations under the Agreement to Lease and the leases thereunder, causing or encouraging THI

to fail to pay base rent and additional rent, by causing or encouraging THI to enter into direct arrangements with IHSLTC's landlords in direct violation of the terms of the Agreement to Lease and leases entered into thereunder, and by causing IHSLTC to assign its Right of First Offer to THI.

236. By virtue of the foregoing, DMV has been damaged in an amount to be proven at trial but believed to be millions of dollars.

**FIFTEENTH CAUSE OF ACTION**
**(Aiding and Abetting and Inducing Breach of DMV Operating Agreement Against Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman with respect to the New Mexico Properties)**

237. Plaintiffs hereby repeat and reallege the allegations in paragraphs 1-236 of the Complaint.

238. To the extent that SWC did not own the leasehold rights with respect to the New Mexico properties, then those leasehold rights remained owned by IHSLTC and were therefore part of the assets owned by DMV.

239. H. Grunstein purported to cause DMV and its wholly owned entities to enter into an unauthorized transaction, including but not limited to: causing IHSLTC to purport to assign or relinquish its interests in the New Mexico leaseholds to Fundamental; purporting to approve IHSLTC's assignment of its Right of First Offer to Fundamental and permitting Fundamental and THI to purchase the New Mexico properties without Bodner's approval and without consideration.

240. H. Grunstein's conduct was fraudulent and violates his duties and obligations as co-managing member under the DMV Operating Agreement. H. Grunstein has willfully breached the DMV Operating Agreement, engaged in willful misconduct, and acted with gross negligence.

241. Defendants Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman aided and abetted H. Grunstein's breach of the DMV Operating Agreement and his breach of fiduciary duty owed to Bodner and DMV.

242. Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman were active and knowing participants in H. Grunstein's breach of the DMV Operating Agreement and his breach of fiduciary duty and induced him to act contrary to his obligations for the private pecuniary benefit of Grunstein, Levinson and Forman.

243. As a proximate result of Grunstein, Forman, MetCap, Tabler, Fundamental, THI, Levinson, and Troutman's aiding and abetting and inducing H. Grunstein's breach of the DMV Operating Agreement and his breach of fiduciary duty, Plaintiffs have suffered damages in an amount to be proven at trial but are believed to be many millions of dollars.

WHEREFORE, Plaintiffs Bodner and DMV demand judgment against Defendants:

A. Awarding Plaintiffs damages to be determined at trial, but in no event less than $150 million;

B. Awarding Plaintiffs punitive damages in the amount of no less than $300 million;

C. Awarding to Plaintiffs their costs incurred in bringing this action, plus pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D. Imposing a Constructive Trust on the assets and monies diverted by Defendants from Plaintiffs and the fruits of such assets;

E. Directing an accounting against all Defendants to establish the value of all assets diverted by Defendants from Plaintiffs and any and all monies derived therefrom; and

F. Granting to Plaintiffs such other and further relief as the Court deems just and proper, including, if appropriate, the appointment of a Receiver to take control of the affairs of ABE and IHSLTC and to enforce their rights as against THI and any landlords during the pendency of this action.

Dated: New York, New York
June 30, 2010

PRYOR CASHMAN LLP

By: ______________________
Donald S. Zakarin
Todd E. Soloway
Eric M. Fishman

7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Plaintiffs Allen Bodner and DMV Funding LLC*

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| In the Matter of: | * | |
| TRANS HEALTHCARE, INC., | * | |
| MILLENNIUM HEALTH AND REHABILITATION CENTER OF ELLICOTT CITY, LLC, | * | Case Number: C-09-141 |
| | * | |
| MILLENNIUM HEALTH AND REHABILITATION CENTER OF FORESTVILLE, LLC, | * | |
| PATHCARE, INC., | * | |
| THI OF MARYLAND, INC., | * | |
| THI OF MARYLAND AT BEL PRE, LLC, | * | |
| THI OF MARYLAND AT FORT WASHINGTON, LLC, | * | |
| THI OF MARYLAND AT FRANKLIN SQUARE, LLC, | * | |
| THI OF MARYLAND AT LIBERTY HEIGHTS, LLC, | * | |
| THI OF MARYLAND AT MARLEY NECK, LLC, | * | |
| THI OF MARYLAND AT NORTHWEST, LLC, | * | |
| THI OF MARYLAND AT SOUTH RIVER, LLC, | * | |
| THI OF MARYLAND REAL ESTATE HOLDING CO., LLC, | * | |
| THI OF MARYLAND SNFS I, LLC, | * | |
| THI OF MARYLAND SNFS II, LLC, | * | |
| THI OF OHIO AT BEREA, LLC, | * | |
| THI OF OHIO AT CHARDON, LLC, | * | |
| THI OF OHIO AT COLUMBUS, LLC, | * | |
| THI OF OHIO AT CORTLAND, LLC, | * | |

RECEIVED AND FILED
2009 JAN -7 PM 3:21
CLERK OF THE CIRCUIT COURT
BALTIMORE COUNTY

#1000075v.4

Atty. took order to C

EXHIBIT
H

THI OF OHIO AT GOLDEN YEARS, LLC, *

THI OF OHIO AT GREENBRIAR NORTH, LLC, *

THI OF OHIO AT GREENBRIAR SOUTH, LLC, *

THI OF OHIO AT HILLCREST, LLC, *

THI OF OHIO AT KENT, LLC, *

THI OF OHIO AT MAPLE VIEW, LLC, *

THI OF OHIO AT NORTHWESTERN, LLC, *

THI OF OHIO AT OAK GROVE, LLC, *

THI OF OHIO AT PARADISE OAKS, LLC, *

THI OF OHIO AT SOMERSET, LLC, *

THI OF OHIO AT VALLEY VIEW, LLC, *

THI OF OHIO AT WILLARD, LLC, *

THI OF OHIO AT WINTERSONG VILLAGE, LLC, *

THI OF OHIO AT WOODLAND, LLC, *

THI OF OHIO ALFS, INC., *

THI OF OHIO ALFS I, LLC, *

THI OF OHIO ALFS AT THE COMMONS, LLC, *

THI OF OHIO REAL ESTATE HOLDING CO., LLC, *

THI OF OHIO SNFS, LLC, *

THI PROPERTIES, INC., *

THI SERVICES CORP., *

THI SERVICES OF MARYLAND, LLC, *

THI SPECIALTY HOSPITALS OF OHIO, INC., *

RECEIVED AND FILED
2009 JAN -7 PM 3: 22
CLERK OF THE CIRCUIT COURT
BALTIMORE COUNTY

THI THERAPY CONCEPTS, LLC, and *

TRANS HEALTHCARE OF OHIO, INC., *

902 Ridgebrook Road *
Sparks, Maryland 21152 *

Petitioners. *

RECEIVED AND FILED
2009 JAN -7 PM 3:21
CLERK OF THE CIRCUIT COURT
BALTIMORE COUNTY

* * * * * * * * * * * *

**EMERGENCY VOLUNTARY PETITION FOR APPOINTMENT OF RECEIVER**

The above-captioned petitioners (collectively, the "THI Entities"), by their undersigned counsel, hereby request the appointment of a receiver pursuant to Section 3-411 of the Corporations and Associations Article of the Annotated Code of Maryland and Title 13 of the Maryland Rules. In support hereof, the THI Entities state as follows:

The THI Entities

1. Trans Healthcare, Inc. ("THI") is the direct or indirect parent of each of the other THI Entities. THI is wholly owned by THI Holdings, LLC. The principal place of business for the THI Entities is 902 Ridgebrook Road, Sparks, Maryland 21152.

The Northwest Facility

2. THI of Maryland at Northwest, LLC ("THI Northwest") holds a license for 91 beds at the comprehensive care facility known as Northwest Health and Rehabilitation Center and located at 4601 Pall Mall Road, Baltimore, Maryland (the "Northwest Facility"). THI of Maryland Real Estate Holding Co., LLC ("THI Real Estate") owns the real property where the Northwest Facility is located.

3. The Northwest Facility offers special services for patients with HIV and for behavioral/geriatric-psych patients. The facility also offers services related to infectious disease

care, pain management, wound care and post-operation care. The Northwest Facility is certified by Medicare and Medicaid under Titles XVIII and XIX of the Social Security Act of 1935, as amended.

4. NW Mgmt Co, LLC (the "NW Mgmt"), an unrelated non-debtor third party, managed the Northwest Facility through December 31, 2008. White Oak Healthcare, LLC ("White Oak") began managing the Northwest Facility on December 31, 2008.

5. In early 2008, certain of the THI Entities and an unrelated non-debtor third party entered into a Purchase and Sale Agreement and a series of amendments (collectively, the "Sale Agreement"), pursuant to which the third party, together with certain of its affiliates and certain affiliates of the NW Mgmt (collectively, the "Buyer Entities"), purchased the THI Entities' interests in 18 nursing homes in Maryland and Ohio. The Sale Agreement permitted, but did not require, the Buyer Entities to subsequently purchase the THI Entities' interests in the Northwest Facility. Pursuant to the seventh and final amendment to the Sale Agreement, the Buyer Entities advised the THI Entities that the Buyer Entities will not purchase the Northwest Facility.

6. THI Northwest and THI Real Estate, on the one hand, and Persimmon Ventures, LLC, an affiliate of White Oak ("Persimmon Ventures"), on the other hand, entered into a letter of intent dated January 7, 2009 (the "Letter of Intent"), pursuant to which Persimmon Ventures expressed its intent to purchase the interests of THI Northwest and THI Real Estate in the Northwest Facility. The THI Entities and Persimmon Ventures are in the process of documenting the sale. The THI Entities anticipate that closing on the sale will occur by the end of February 2009. The THI Entities expect that, if a sale to Persimmon Ventures is not consummated, White Oak will cease management of the Northwest Facility. None of the THI Entities has any independent ability to manage the Northwest Facility.

Financial Condition of the THI Entities

7. In 2007, the THI Entities had gross revenue of approximately $155.7 million, earnings before interest, taxes, depreciation and amortization of approximately $4.7 million and net income of approximately $2.5 million. In the first eight months of 2008, the THI Entities had gross revenue of approximately $47 million, losses before interest, taxes, depreciation and amortization of approximately $3.6 million and a net loss of approximately $3.6 million.

8. With the exception of THI Northwest (which holds the facility license and owns the personal property located at the Northwest Facility) and THI Real Estate (which owns the real property where the Northwest Facility is located), the THI Entities have no assets remaining other than cash and accounts receivable. The THI Entities' assets and the assets' estimated values as of the date of this Petition are as follows:

| | |
|---|---|
| Cash | $500,000 |
| Receivables | $2,700,000 |
| Northwest Facility (real and personal property) | Unknown |

9. Pursuant to an Amended and Restated Loan Agreement (the "Term Loan") among certain of the THI Entities, as borrowers (the "Term Loan Borrowers"), General Electric Capital Corporation, as agent ("GECC"), and certain lenders (collectively, the "Term Loan Lenders") dated as of March 28, 2006, the Term Loan Lenders loaned $42 million to the Term Loan Borrowers and received a lien on substantially all of the THI Entities' assets to secure repayment. The THI Entities have satisfied all obligations to GECC under the Term Loan.

10. Pursuant to a Loan Agreement (the "Revolving Loan") among certain of the THI Entities, as borrowers (the "Revolving Loan Borrowers"), GECC, as agent, and certain lenders (collectively, the "Revolving Loan Lenders") dated as of March 28, 2006, the Revolving Loan Lenders loaned $13 million to the Revolving Loan Borrowers and received a lien on

substantially all of the THI Entities' assets to secure repayment. As of the date of this Petition, the balance due under the Revolving Loan is approximately $300,000.[1]

11. In addition, general unsecured claims against the THI Entities total approximately $15,000,000. Certain of the THI Entities' unsecured creditors have commenced litigation against the THI Entities to collect the amounts allegedly owed to them.

12. The THI Entities file consolidated tax returns and operate as one consolidated entity.

## Request for Relief

13. By this Petition, the THI Entities request entry of an order appointing a receiver to wind up their affairs and dissolve their corporations and limited liability companies. The boards of directors for the THI Entities have adopted resolutions authorizing each THI Entity to file this Petition. Attached collectively as EXHIBIT A are the resolutions of the THI Entities.

14. The THI Entities further request that Michael L. Sandnes be appointed as receiver. As established in the Declaration attached hereto as EXHIBIT B, Mr. Sandnes meets the qualifications of a receiver under Maryland Rule 13-105(a) and has agreed to act as receiver in this case for compensation at his firm's customary hourly rates. Mr. Sandnes and his firm, Executive Sounding Board Associates, Inc., have extensive experience in both the health care industry and serving as crisis manager and advisor to insolvent entities.

15. Mr. Sandnes has expressed his desire to retain Tydings & Rosenberg LLP ("T&R") as his counsel. As established in the Declaration attached hereto as EXHIBIT C, T&R meets the qualifications to serve as counsel to the receiver under Maryland Rule 13-105(a) and has agreed to act as counsel to the receiver in this case for compensation at its customary hourly

[1] The THI Entities anticipate that GECC will advance approximately an additional $200,000 on January 7, 2009 to allow the THI Entities to fund payroll obligations for the employees at the Northwest Facility.

rates. T&R has extensive experience in both the health care industry and serving as counsel in insolvency proceedings.

16. The THI Entities believe the appointment of Mr. Sandnes as receiver and Mr. Sandnes' engagement of T&R would be the most cost-effective method of preserving the value of the THI Entities' assets, including but not limited to the Northwest Facility, and maximizing the return to the THI Entities' creditors.

17. The THI Entities request expedited relief so that a receiver can be appointed, become familiar with the THI Entities' operations and consummate the sale of the Northwest Facility to White Oak as soon as possible. The THI Entities believe that the immediate appointment of a receiver is necessary to sustain operations at the Northwest Facility until the sale to White Oak is consummated and therefore ensure continuing patient care. The THI Entities anticipate that most, if not all, employees at the Northwest Facility will be employed by White Oak after the sale closes.

18. Prior to filing this Petition, counsel for the THI Entities advised counsel for the THI Entities' sole secured lender, GECC, that the THI Entities were filing this Petition. Counsel for GECC represented to counsel for the THI Entities that GECC has no objection to the appointment of a receiver or to entry of the attached order.

19. Counsel for the THI Entities also advised Wendy Kronmiller, Director of the State of Maryland Department of Health and Mental Hygiene's Office of Health Care Quality (the "State"), that the THI Entities were filing this Petition. The THI Entities will work with the Receiver to ensure a smooth transition to White Oak and to attempt to address any and all concerns, issues and/or requirements the State may have with regard to the Northwest Facility.

WHEREFORE, the THI Entities request entry of an order:

A. Granting this Petition;

B. Appointing Michael L. Sandnes as receiver for the THI Entities' estates; and

C. Granting such other and further relief as is set forth in the proposed order and is just and appropriate under the circumstances.

Dated: January 7, 2009

Maria Ellena Chavez-Ruark

Maria Ellena Chavez-Ruark, Esquire
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
Telephone: (410) 752-9739
mruark@tydingslaw.com

*Counsel for the THI Entities*

VERIFICATION

I affirm and declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 7, 2009

Matthew Box
Chief Financial Officer of the THI Entities
902 Ridgebrook Road
Sparks, Maryland 21152

#1000075v.4

# EXHIBIT A

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF TRANS HEALTHCARE, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of Trans Healthcare, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: January 5, 2009

Edgar D. Jannotta, Jr.
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF PATHCARE, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of PATHCare, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: January 5, 2009

Edgar D. Jannotta, Jr.
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF MILLENNIUM HEALTH AND REHABILITATION CENTER OF ELLICOTT CITY, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of Millennium Health and Rehabilitation Center of Ellicott City, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2007~~ 2008

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
MILLENNIUM HEALTH AND REHABILITATION CENTER OF FORESTVILLE, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of Millennium Health and Rehabilitation Center of Forestville, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF THI OF MARYLAND, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT BEL PRE, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at Bel Pre, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT FORT WASHINGTON, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at Fort Washington, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT FRANKLIN SQUARE, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at Franklin Square, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT LIBERTY HEIGHTS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at Liberty Heights, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT MARLEY NECK, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at Marley Neck, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT NORTHWEST, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at Northwest, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND AT SOUTH RIVER, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland at South River, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2008 9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF THI OF MARYLAND REAL ESTATE HOLDING CO., LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland Real Estate Holding Co., LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF MARYLAND SNFS I, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland SNFs I, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF THI OF MARYLAND SNFS II, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Maryland SNFs II, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT BEREA, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Berea, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF THI OF OHIO AT CHARDON, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Chardon, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF THI OF OHIO AT COLUMBUS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Columbus, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: January ~~December~~ 5, 2009 ~~2008~~

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT CORTLAND, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Cortland, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT GOLDEN YEARS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Golden Years, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT GREENBRIAR NORTH, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Greenbriar North, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT GREENBRIAR SOUTH, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Greenbriar South, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT HILLCREST, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Hillcrest, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT KENT, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Kent, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT MAPLE VIEW, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Maple View, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2008 9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT NORTHWESTERN, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Northwestern, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT OAK GROVE, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Oak Grove, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2008 9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT PARADISE OAKS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Paradise Oaks, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~ 9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT SOMERSET, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Somerset, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT VALLEY VIEW, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Valley View, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 20~~08~~ 09

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT WILLARD, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Willard, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

---

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 20~~08~~ 09

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF THI OF OHIO AT WINTERSONG VILLAGE, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Wintersong Village, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO AT WOODLAND, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio at Woodland, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF THI OF OHIO ALFS, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio ALFs, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 20~~08~~ 09

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO ALFS I, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio ALFs I, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO ALFS AT THE COMMONS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio ALFs at the Commons, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI OF OHIO REAL ESTATE HOLDING COMPANY, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio Real Estate Holding Company, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: January ~~December~~ 5, 20~~08~~ 09

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF THI OF OHIO SNFS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI of Ohio SNFs, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;.

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, ~~2008~~ 2009

Matthew Box
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF THI PROPERTIES, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of THI Properties, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

#1000956v.1

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF THI SERVICES CORP.

The undersigned, on behalf of the Board of Directors (the "Board") of THI Services Corp. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2008 9

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI SERVICES OF MARYLAND, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI Services of Maryland, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2008 9

Matthew Box
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF THI SPECIALTY HOSPITALS OF OHIO, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of THI Specialty Hospitals of Ohio, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 2009

Matthew Box
Sole Director

RESOLUTION OF THE BOARD OF DIRECTORS OF
THI THERAPY CONCEPTS, LLC

The undersigned, on behalf of the Board of Directors (the "Board") of THI Therapy Concepts, LLC (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, members and other interested parties, that a voluntary petition for the appointment of a receivership be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates.

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

RESOLUTIONS OF THE BOARD OF
DIRECTORS OF TRANS HEALTHCARE OF OHIO, INC.

The undersigned, on behalf of the Board of Directors (the "Board") of Trans Healthcare of Ohio, Inc. (the "Company"), hereby certifies that the Board held a special meeting on the date indicated below, all members of the Board were present and the Board has approved and/or taken the following actions:

WHEREAS, the Board has considered the current and prospective financial and operational aspects of the Company's business;

WHEREAS, the Board has reviewed the historical performance of the Company and the current and long-term liabilities of the Company;

WHEREAS, the Board has reviewed, considered and received the recommendations of the management of the Company and professionals and advisors to the Company as to the relative risks and benefits of pursuing a receivership;

NOW, THEREFORE, IT IS HEREBY RESOLVED:

1. After consultation with and in reliance on the advice of management and the outside attorneys and advisors to the Company, in the judgment of the Board, it is desirable and in the best interests of the Company, its affiliates, creditors, stockholders and other interested parties, that a voluntary petition for the appointment of a receiver be immediately filed by the Company and certain of its affiliates in the Circuit Court of Maryland for Baltimore County on or after the date of these Resolutions.

2. The officers of the Company (collectively, the "Officers") are directed, authorized and empowered to execute and file on behalf of the Company and its affiliates all petitions, schedules, lists, affidavits and other papers or documents, and to take any and all action which they deem necessary or proper to obtain or advance such relief.

3. The Officers are directed, authorized and empowered to retain Tydings & Rosenberg LLP as counsel to the Company and its affiliates in connection with the filing and prosecution of the receivership case.

4. The Officers are directed, authorized and empowered to request that Michael L. Sandnes be appointed receiver of the estates of the Company and its affiliates;

5. The Officers are directed, authorized and empowered in the name, and on behalf, of the Company and the affiliates to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such

instruments as each in his or her discretion may deem necessary or advisable to carry out the purpose and intent of the foregoing Resolutions.

6. All of the acts and transactions of management and members of the Board that relate to matters contemplated by the foregoing Resolutions that have been undertaken in the name and on behalf of the Company prior to the effective date of these Resolutions are hereby in all respects confirmed, approved and ratified.

IN WITNESS WHEREOF, the undersigned in his capacity as sole director of the Company has certified these Resolutions as of the below date.

Dated: ~~December~~ January 5, 200~~8~~9

Matthew Box
Sole Director

# EXHIBIT B

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| In the Matter of: | * | |
| TRANS HEALTHCARE, INC., et al., | * | Case Number: ______________ |
| Petitioners. | * | |

* * * * * * * * * * * *

**DECLARATION OF MICHAEL L. SANDNES**

I, Michael L. Sandnes, being over the age of eighteen (18) and competent to testify to the matters set forth herein, depose and state as follows:

1. I submit this Declaration on behalf of myself and my firm, Executive Sounding Board Associates, Inc. (the "Firm"), in connection with the Emergency Voluntary Petition for Appointment of Receiver (the "Petition") filed by Trans Healthcare, Inc. and its related entities (collectively, the "THI Entities") in the above-captioned case.

2. Neither I nor my Firm has, within five (5) years before the date of this Declaration, represented or been employed by the THI Entities, an insider of the THI Entities as defined by 11 U.S.C. §101, any secured or unsecured creditor of the THI Entities, or an investment banker of the THI Entities except as provided in Paragraph 5 below.

3. Neither I nor my Firm had, within five (5) years before the date of this Declaration, any financial interest in the THI Entities except as provided in Paragraph 5 below.

4. I have read the eligibility requirements to serve as a receiver in the State of Maryland pursuant to Maryland Rule 13-105. Neither I nor my Firm is aware of any facts which would disqualify me from serving as a receiver over property and operations of the THI Entities.

More specifically, except as provided in Paragraph 5 below, to the best of my knowledge, information and belief, neither my Firm nor I:

a. is a creditor or a holder of an equity security of the THI Entities;

b. is or was an investment banker for any outstanding security of the THI Entities;

c. has been, within three (3) years before the date of this Declaration, an investment banker for a security of the THI Entities, or an attorney for such an investment banker, in connection with the offer, sale or issuance of a security of the THI Entities;

d. is or was, within two (2) years before the date of this Declaration, a director, an officer or an employee of the THI Entities or of an investment banker of the THI Entities;

e. has an interest materially adverse to the interest of any class of creditors or equity security holders by reason of any direct or indirect relationship to, in connection with, or interest in the THI Entities or an investment banker of the THI Entities, or for any other reason;

f. otherwise has or represents an interest adverse to the receivership estate;

g. has, at any time within five (5) years before the date of this Declaration, represented or been employed by the THI Entities or any secured creditor as an attorney, accountant, appraiser or other professional;

h. is an "insider" as defined by 11 U.S.C. § 101; or

i. represents or is employed by an unsecured creditor of the THI Entities.

5. I served as the Regional Director of Operations at the Northwest Health and Rehabilitation Center from about February 2004 to about May 2005. In addition, certain unsecured creditors of the THI Entities may be current or former clients of my Firm in connection with matters wholly unrelated to the THI Entities and this receivership. I believe my prior employment and my Firm's unrelated relationships with unsecured creditors, if any, do not create an actual or potential conflict and do not disqualify me from serving as receiver or fulfilling my duties and obligations as receiver.

I HEREBY CERTIFY UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Date: January 7, 2009

Michael L. Sandnes
Executive Sounding Board Associates, Inc.
10 North Calvert Street, Suite 647
Baltimore, Maryland 21202
(410) 783-0098

# EXHIBIT C

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

In the Matter of: *

TRANS HEALTHCARE, INC., et al., * Case Number: ______________

Petitioners. *

* * * * * * * * * * * *

**DECLARATION OF MARIA ELLENA CHAVEZ-RUARK**

I, Maria Ellena Chavez-Ruark, being over the age of eighteen (18) and competent to testify to the matters set forth herein, depose and state as follows:

1. I submit this Declaration on behalf of my firm, Tydings & Rosenberg LLP (the "Firm"), in connection with the Emergency Voluntary Petition for Appointment of Receiver (the "Petition") filed by Trans Healthcare, Inc. and its related entities (collectively, the "THI Entities") in the above-captioned case.

2. Neither I nor my Firm has, within five (5) years before the date of this Declaration, represented or been employed by the THI Entities, an insider of the THI Entities as defined by 11 U.S.C. §101, any secured or unsecured creditor of the THI Entities, or an investment banker of the THI Entities except as provided in Paragraphs 5 and 6 below.

3. Neither I nor my Firm had, within five (5) years before the date of this Declaration, any financial interest in the THI Entities except as provided in Paragraphs 5 and 6 below.

4. I have read the eligibility requirements to serve as counsel to a receiver in the State of Maryland pursuant to Maryland Rule 13-105. Neither I nor my Firm is aware of any facts which would disqualify me from serving as counsel for the receiver. More specifically,

except as provided in Paragraphs 5 and 6 below, to the best of my knowledge, information and belief, neither my Firm nor I:

a. is a creditor or a holder of an equity security of the THI Entities;

b. is or was an investment banker for any outstanding security of the THI Entities;

c. has been, within three (3) years before the date of this Declaration, an investment banker for a security of the THI Entities, or an attorney for such an investment banker, in connection with the offer, sale or issuance of a security of the THI Entities;

d. is or was, within two (2) years before the date of this Declaration, a director, an officer or an employee of the THI Entities or of an investment banker of the THI Entities;

e. has an interest materially adverse to the interest of any class of creditors or equity security holders by reason of any direct or indirect relationship to, in connection with, or interest in the THI Entities or an investment banker of the THI Entities, or for any other reason;

f. otherwise has or represents an interest adverse to the receivership estate;

g. has, at any time within five (5) years before the date of this Declaration, represented or been employed by the THI Entities or any secured creditor as an attorney, accountant, appraiser or other professional;

h. is an "insider" as defined by 11 U.S.C. § 101; or

i. represents or is employed by an unsecured creditor of the THI Entities.

5. The Firm represented the THI Entities from December 3, 2008 through January 7, 2009 and provided legal advice and services concerning certain healthcare regulatory matters, filing a voluntary receivership action and other potential insolvency proceedings. In connection with its representation, the Firm received $47,154. The THI Entities have paid all of the Firm's outstanding fees and expenses. The THI Entities and Michael Sandnes, the proposed receiver, have executed a written waiver of any actual or potential conflicts of interest that may arise from the Firm's prior representation of the THI Entities.

6. Within the past five (5) years, the Firm has represented or currently represents General Electric Capital Corporation, the THI Entities' sole secured lender ("GECC"), in connection with the following matters:

a. On or about July 25, 2008, GECC retained the Firm to serve as local counsel in connection with the collection of amounts due to GECC by Advance Marine Boat Sales, Inc. This matter remains open and active. To date, the Firm has received fees and expenses totaling $10,192 in connection with this matter.

b. On or about June 20, 2007, GECC retained the Firm to serve as counsel in connection with the collection of amounts due to GECC by Mark Brown. This matter remains open but is currently inactive. To date, the Firm has received fees and expenses totaling $4,792.95 in connection with this matter.

c. On or about April 3, 2007, GECC retained the Firm to serve as local counsel in connection with the collection of amounts due to GECC by BPS Printing and Graphics, Inc. and Arvel B. Clark, Jr. This matter remains open but is currently inactive. To date, the Firm has received fees and expenses totaling $3,185 in connection with this matter.

d. On or about December 30, 2005, GECC retained the Firm to represent GECC in connection with the collection of amounts due to GECC under an equipment lease by Washington Cable Supply, Inc. This matter remains open but is currently inactive. To date, the Firm has received fees and expenses totaling $2,407 in connection with this matter.

e. On or about December 30, 2005, GECC retained the Firm to represent GECC in connection with the collection of amounts due to GECC under an equipment lease by Thomas Prickett. This matter remains open but is currently inactive. To date, the Firm has received fees and expenses totaling $1,801 in connection with this matter.

f. On or about June 9, 2005, GECC retained the Firm to represent GECC in connection with the collection of amounts due to GECC under an equipment lease by King Street Auto Body, Inc. and Nicholas S. Pappas. This matter is closed. The Firm received fees and expenses totaling $2,025 in connection with this matter.

g. On or about June 9, 2005, GECC retained the Firm to represent GECC in connection with the collection of amounts due to GECC under an equipment lease by Manufacturing Solutions, Inc. and Charles T. Wanamaker. This matter remains open but is currently inactive. To date,

the Firm has received fees and expenses totaling $2,113 in connection with this matter.

h. On or about April 30, 2005, GECC retained the Firm to represent GECC in connection with the collection of amounts due to GECC under an equipment lease by Thomas Point Mortgage, Inc. This matter remains open but is currently inactive. To date, the Firm has received fees and expenses totaling $1,970 in connection with this matter.

The THI Entities, Michael Sandnes (the proposed receiver) and GECC have executed a written waiver of any actual or potential conflicts of interest that may arise from the Firm's current and prior representation of GECC. In addition, certain unsecured creditors of the THI Entities may be current or former clients of the Firm in connection with matters wholly unrelated to the THI Entities and this receivership.

7. I believe the relationships described in Paragraphs 5 and 6 above do not create an actual or potential conflict and do not disqualify the Firm from serving as counsel to the receiver or fulfilling its duties and obligations as counsel to the receiver.

I HEREBY CERTIFY UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Date: January 7, 2009

Maria Elena Chavez-Ruark

Maria Ellena Chavez-Ruark
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9739

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

IN THE MATTER OF
THE RECEIVERSHIP ESTATE OF
TRANS HEALTHCARE, INC., et al.,

* Case Number: 03-C-09-000141

Fee in Ore JV 4/13/2010

* * * * * * * * * * * *

**RECEIVER'S RESPONSE TO COURT'S REQUEST FOR FURTHER INFORMATION IN SUPPORT OF PENDING FEE APPLICATIONS**

Michael L. Sandnes, Court-appointed for Trans Healthcare, Inc. and its related entities (collectively, the "THI Entities"), hereby responds to the Motions Ruling issued by this Court on or about April 3, 2009.

On February 13, 2009, the Receiver and his counsel, Tydings & Rosenberg LLP ("T&R"), filed applications seeking allowance of compensation and expenses for January 8-31, 2009, and on March 12, 2009, the Receiver and T&R filed applications seeking allowance of compensation and expense for February 1-28, 2009 (collectively, the "Fee Applications").

RECEIVED AND FILED 2009 APR -8 PM 3:12 CLERK OF THE CIRCUIT COURT BALTIMORE COUNTY

On April 3, 2009, this Court issued a Motions Ruling providing that the Fee Applications are being held for further information and asking the following questions:

1. How much is owed to the Secured Creditor GECC?
2. How much in general funds will be available for the payment of administrative expenses following the sale and payment of the secured creditor(s)?

On or about March 24, 2009, the Receiver paid in full the balance owed to GECC. On or about March 30, 2009, the Receiver and GECC filed (i) a Release of Deed of Trust, Assignment of Rents, Security Agreement, and Fixture Financing Statement in the Land Records for Baltimore City, (ii) two UCC-3 termination statements in the Land Records for Baltimore City, and (iii) a UCC-3 termination statement in the Delaware Department of State. Attached

#1073947v.1

EXHIBIT I

collectively as EXHIBIT A are copies of the release and termination statements. Consequently, there are no longer any secured creditors in this proceeding.

At this time, it is difficult for the Receiver to estimate the amount of the eventual distribution to creditors because he continues to operate the Northwest Health and Rehabilitation Center (the "Northwest Facility"), collect accounts receivable and adjudicate annual cost reports. As of April 8, 2009, the Receiver is holding cash totaling approximately $543,000. The Receiver expects to collect receivables totaling approximately $400,000 within the next week. Closing on the sale of the Northwest Facility is scheduled for April 30, 2009. The purchase price for the facility is $600,000.

Having responded to the Court's requests for additional information, the Receiver and T&R respectfully request that the Court enter orders approving the Fee Applications.

Date: April 8, 2009

Maria Ellena Chavez-Ruark

Maria Ellena Chavez-Ruark, Esquire
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9739

Attorneys for Michael L. Sandnes, Receiver

**RELEASE OF DEED OF TRUST, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FINANCING STATEMENT**

KNOW ALL MEN BY THESE PRESENTS, that the undersigned **General Electric Capital Corporation** ("GECC"), and **Michael D. Nord, Trustee** ("**Trustee**"), for valuable consideration, the receipt whereof is hereby acknowledged, do hereby fully release and discharge the Deed of Trust and Security Agreement dated November 1, 2002 by **THI of Maryland Real Estate Holding Co., LLC**, a Delaware limited liability company, and **THI of Maryland at Northwest, LLC**, a Delaware limited liability company (**collectively**, "**Borrowers**"), to the Trustee for the benefit of **Ventas Realty, Limited Partnership**, originally recorded among the Land Records of Baltimore City, Maryland ("Land Records") in **Liber 3081, folio 043** and assigned to **Ventas TRS, LLC** by assignment recorded among the Land Records at **Liber 3299, folio 269**, and further assigned to **General Electric Capital Corporation**, by assignment recorded among the Land Records at **Liber 3299, folio 273**, amended and restated in its entirety as the Amended And Restated Deed of Trust, Assignment Of Rents, Security Agreement And Fixture Financing Statement by the Borrowers to the Trustee for the Benefit of GECC dated as of March 28, 2006 and recorded among the Land Records at **Liber 07608, folio 0634**, and GECC further releases that certain Assignment of Leases, Rents and Contracts dated November 1, 2002, originally recorded among the Land Records in **Liber 3081, folio 080** and assigned to **Ventas TRS, LLC** by assignment recorded at **Liber 3299, folio 269**, and further assigned to **GECC**, by assignment recorded among the Land Records at **Liber 3299, folio 273**, and all of that property being described as follows:

See Exhibit "A" attached hereto and made a part hereof.

[Signatures Begin On the Following Page]

Executed to be effective as of the 31st day of March, 2009.

General Electric Capital Corporation

By: ______________________

Its: Authorized Signatory

______________________(SEAL)
Michael D. Nord, Trustee

## ACKNOWLEDGMENTS

STATE OF MARYLAND, CITY/COUNTY OF Montgomery, TO WIT:

I HEREBY CERTIFY, that on this 30th day of March, 2009, before me, the undersigned a Notary Public of the aforesaid jurisdiction, personally appeared Jeff Erhardt, who acknowledged himself/herself to be an Authorized Signatory of General Electric Capital Corporation, and acknowledged that he/she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing the name of General Electric Capital Corporation by himself/herself as Authorized Signatory.

IN WITNESS MY Hand and Notarial Seal.

______________________(SEAL)
NOTARY PUBLIC

My Commission Expires: My Commission Expires September 1, 2009

VILMA E. MONTIEL NOTARY PUBLIC MONTGOMERY CO., MD

STATE OF MARYLAND, CITY/~~COUNTY~~ OF BALTIMORE, TO WIT:

I HEREBY CERTIFY, that on this 31st day of March, 2009, before me, the undersigned, a Notary Public of the jurisdiction aforesaid, personally appeared MICHAEL D. NORD, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained in his capacity as Trustee.

IN WITNESS MY Hand and Notarial Seal.

______________________(SEAL)
NOTARY PUBLIC

My Commission Expires: ______________________

LESLIE SCHILDGEN NOTARY PUBLIC Expires 09-01-2010 BALTIMORE COUNTY, MARYLAND

## CERTIFICATION

THIS IS TO CERTIFY that this Release was prepared by or under the supervision of the undersigned, an attorney duly admitted to practice before the Court of Appeals of Maryland.

______________________
Jean Sheftic Bilodeau, Esquire

S:\JMS\23696\THI Sale\Real Estate Releases\Release (Northwest-Maryland).doc

ELEVENTH CIRCUIT COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 09-11513-CA-20

TRANS HEALTHCARE, INC.,

A Foreign Corporation,

v.

BONNIE CREEKMOR,
_____________________________/

**MOTION TO EXPEDITE DOMESTICATION OF RECEIVERSHIP ORDER**

MICHAEL SANDNES, COURT-APPOINTED RECEIVER for Trans Healthcare, Inc. ("THI") and the Related Entities, hereby files this Motion to Expedite Domestication of Order and states the following in support thereof:

1. This is an action to domesticate the order entered on January 8, 2009, by which Michael Sandnes was appointed Receiver of THI and the Related Entities in the Circuit Court of Baltimore County, Maryland. A true copy of the Order Appointing Receiver ("the Receivership Order"), which has been recorded in the Public Records of Miami-Dade County on February 24, 2009, is attached hereto as Exhibit "A."

2. There are several actions pending in Florida against THI or Related Entities. The counties, case numbers and plaintiffs in which actions are proceeding against THI are indicated below:

Alachua County Case: 01-06-CA-2418: Joseph Webb/Rose Webb

Pinellas County Case 05-8540CI: Estate of Elvira Nunziata/Richard Nunziata

Polk County Case 2006Ca-003511-0000-00: Opal Sasser

EXHIBIT J

Polk County Case 2009CA-001025-0000-00: Gary Townsend as PR of Estate of Arlene Townsend

Polk County Case 53-2004-CA-003229: Juanita Jackson/ Catherine Whatley

St. Lucie County Case562006CA000326AXXXHC: Estate of John Wesley McMillon, Deceased

3. In all but one of the above proceedings, the plaintiffs are represented by the law firm of Wilkes & McHugh. Plaintiffs' counsel in all of the above proceedings received notice of the Receivership Order in January, 2009, upon the commencement of the Receivership.

4. Plaintiffs' counsel was also notified of the claims bar date, by which date any claim against THI or the Related Entities were to be submitted to the Receiver for determination. Despite having been apprised of this claims bar date, the plaintiffs in the above proceedings have not filed claims with the Receiver.

5. The Receivership is a liquidating receivership and upon the discharge of the Receiver, there will be no entity from which the plaintiffs may obtain recovery.

6. The purpose of domesticating the Receivership Order is to obtain a stay of the above-referenced proceedings to enable the Receiver to review the claims and make further determination as to whether assets of the estate will be allocated toward such claims and if so, the amount of such allocation.

7. Paragraph 5 of the Receivership Order provides for the abatement of pending actions. Specifically, subsection (A) of Paragraph 5 provides for the abatement of "any judicial, administrative or other action or proceeding ... to recover a claim against any of the THI Entities that arose before the commencement of this case."

8. A stay of the aforementioned proceedings is necessary so that all pending claims may be resolved prior to the conclusion of the Receivership. Motions for stay have been filed in the above proceedings; however, before such motions may be granted, the Receivership Order must be domesticated which requires the issuance of certificates of non-objection. See Fla. Stat.§ 55.604(b)(4).

9. The clerk has issued one certificate of non-objection, attached hereto as Exhibit "B" but has been unable to issue such certificates with respect to all of the aforementioned actions because the plaintiffs in those proceedings have not accepted delivery of the certified mail sent by the clerk, which was sent in accordance with Fla. Stat. § 55.604(b)(4). Because the clerk's office has not received returns showing receipt of the certified mail sent by the clerk to plaintiffs' counsel, the clerk has been unable to file certificates of non-objection in the other matters.

10. It is apparent that plaintiffs' counsel in all of the above proceedings has received notice of the Receivership Order and the claims bar date, as they have been served with copies of the Receivership Order upon its entry. Moreover, there has been communication between plaintiffs' counsel and counsel for defense in the above proceedings regarding the Receivership and the need to file claims.

In addition to the prior notice of the Receivership indicated above, Federal Express packages containing copies of the recorded Receivership Order are, contemporaneously with this motion, being delivered to plaintiffs' counsel in all of the pending actions. Proof of delivery of these packages will be separately filed with the clerk of court prior to the hearing of this matter. In addition, Notices of Recording have been filed in each of the proceedings, giving constructive notice to all parties of the

recording of the Receivership Order. Therefore, the concern regarding lack of notice, which underlies the requirement that the clerk's office receive the certified mail return prior to issuing the certificate of non-objection, is not at issue.

11. Since enforcement of a domesticated order is contingent upon certificates of non-objection being filed, the Receiver seeks an order directing the clerk to issue certificates of non-objection as to all of the aforementioned matters so as to proceed more expeditiously with the enforcement of the Receivership Order.

12. The expeditious enforcement of the Receivership Order is required because the receivership is drawing to a close and the Receiver must make arrangements for the disposition of the remaining assets of the estate.

13. The requested relief is not sought for any dilatory or otherwise improper purpose, but to ensure that the Receiver is able to timely and efficiently discharge his duties. The requested relief would also benefit the plaintiffs because it will allow for their claims to be submitted and determined before the Receiver is discharged. As indicated above, the Receivership is liquidating and once the assets are distributed, there will be no source of recovery for plaintiffs.

14. The recognition of receiver's appointment issued by a foreign jurisdiction is, as a matter of comity, proper. *Belle Island Inv. Co., Ltd. v. Feingold*, 453 So.2d 1143, 1147(Fla.3rd DCA, 1984)(noting that "Rules of comity may not be departed from except to protect citizens of Florida or some paramount public policy) citing *Beverly Beach Properties v. Nelson*, 68 So.2d 604, 609 (Fla.1953)(holding that Florida court was required to give full faith and credit to the order of a California court) *cert. denied*, 348

U.S. 816 (1954). In the present matter, there is no contravening paramount public policy and therefore the Receivership Order should be made enforceable without undue delay.

15. In the event that the requested relief is not granted, the Receiver will suffer prejudice from additional delay while the clerk awaits the return of the certified mail receipts. In addition, the plaintiffs in the aforementioned proceedings will be prejudiced because the Receivership is likely to conclude and the estate will likely be entirely liquidated before plaintiffs have filed their claims and had such claims determined.

16. Attempts will continue to made prior to the hearing on this motion to resolve the matter.

**WHEREFORE,** Michael Sandnes, Court Appointed Receiver for THI and Related Entities respectfully requests that this Court enter an order directing the clerks of the circuit court to issue certificates of non-objection in furtherance of the domestication and enforcement of the Receivership Order.

Respectfully submitted,

CONCEPCION SEXTON & MARTINEZ
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Tel. 305-446-4000; Fax 305-446-7764

By: ______________________
CARLOS F. CONCEPCION, ESQ.
Florida Bar No.: 386730
MARIAN KENNADY, ESQ.
Florida Bar No.: 379580

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail to: Gary Wimbish, Esq., Wikes & McHugh, One North Dale Mabry, Suite 800, Tampa, Florida 33602; Gail F. Moulds, Esq., 100 2nd Avenue S, Suite 902S, ST. Petersburg, Florida 33701; Carlos A. Bodden, Esq., Ellis, Ged & Bodden, P.A., 7171 North Federal Highway, Boca Raton, Florida Thomas A. Valdez, Esq., Quintairos, Prieto, Wood & Boyer, P.A., 4905 W Laurel St., Suite 200, Tampa, Florida 33607 and Albert J. Ferrera, Esq., Quintairos, Prieto, Wood & Boyer, P.A., 4905 W Laurel St., Suite 200, Tampa, Florida 33607, this 15th day of June, 2009.

By: ____________________
CARLOS F. CONCEPCION, ESQ.
Florida Bar No.: 386730
MARIAN KENNADY, ESQ.
Florida Bar No.: 379580

*T:\CFCLAW\CASES\P-T\Sandnes, Michael & Trans Health Care, Inc\motion-expeditedomestication.doc*

09-11513 CA 20

CFN 2009R0135919
OR Bk 26764 Pgs 1563 - 1568; (6pgs)
RECORDED 02/24/2009 15:08:08
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| In the Matter of: | * | |
| TRANS HEALTHCARE, INC., et al., | * | Case Number: 03-C-09-000141 |
| Petitioners. | * | |

* * * * * * * * * * * *

**ORDER APPOINTING RECEIVER**

Upon consideration of the Emergency Voluntary Petition for Appointment of Receiver (the "Petition") filed by Trans Healthcare, Inc. and its related entities (collectively, the "THI Entities") in the above-captioned case; and this Court having determined that cause exists to appoint a receiver to preserve the assets of the THI Entities and maximize the return to the THI Entities' creditors; it is this 8 day of January, 2009, by the Circuit Court of Maryland for Baltimore County, hereby ORDERED:

1. The Petition is GRANTED.

2. Michael L. Sandnes (the "Receiver") is APPOINTED receiver of the assets, operations and business of the THI Entities, and the receivership estates of the THI Entities are consolidated for all purposes.

3. Pursuant to Section 3-418 of the Corporations and Associations Article of the Annotated Code of Maryland, the Receiver is vested with full title to all the assets of the THI Entities and has full power to enforce obligations or liabilities in its favor. The Receiver has the power and authority to take any and all actions in lieu of, and as would otherwise be taken by, the officers and directors of the THI Entities without further court order.

EXHIBIT A

FILED JAN 9 2009

cc: M 1002856v Chavez - Runk

-Emit

09-115193 CA 20

4. The Receiver has the power and authority to take any and all actions necessary to preserve, protect and liquidate the assets of the THI Entities without further court order, which powers and authorities include but are not limited to the following:

(A) The power and authority to take charge of and assume exclusive control of all real and personal property, tangible or intangible assets, operations and business affairs of the THI Entities and all products and proceeds thereof;

(B) The power and authority to manage and operate the THI Entities' assets and continue or discontinue the operations of the THI Entities in such manner as, in the Receiver's reasonable business judgment, will maximize the proceeds realized by the receivership estate, and to seek the advice and instruction from this Court in connection therewith;

(C) The power and authority to operate the Northwest Health and Rehabilitation Center and to maintain proper staffing levels, keep appropriate insurance in force, maintain appropriate stocks of medical and other supplies, keep medical equipment in operable condition, provide proper medical care and treatment at the facility, manage employees, hire and terminate employees, manage the facility's affairs with the employees' union and maintain licenses;

(D) The power and authority to collect any and all profits, income, revenues and accounts now due and hereafter becoming due for or on account of the THI Entities' operations and, if appropriate, to commence legal action to pursue collection of any such account or other amounts receivable;

(E) The power and authority to manage any and all litigation to which any THI Entity is a party and to manage disputes and other matters involving creditors of the THI Entities;

(F) The power and authority to take and keep possession of all assets of the THI Entities, including without limitation all of the real and personal property of the THI Entities;

(G) The power and authority to sell, liquidate or otherwise dispose of the THI Entities' assets (including the real and personal property constituting the Northwest Health and Rehabilitation Center) without further order of this Court;

(H) The power and authority to perform under, enforce and terminate contracts and leases as the Receiver deems necessary and appropriate, including but not limited to the Consulting Agreement between THI of Maryland at Northwest, LLC and White Oak Healthcare, LLC dated on or about

09-11513 CA 20

December 29, 2008 and the letter of intent between certain of the THI Entities and Persimmon Ventures, LLC dated January 7, 2009;

(I) The power and authority to abandon any assets (including the real and personal property constituting the Northwest Health and Rehabilitation Center) which the Receiver deems, in his sole and absolute discretion, to have no value for the receivership estate;

(J) The power and authority to execute any documents necessary to further the powers and authorities set forth herein; and

(K) The power and authority to wind down the business affairs of the THI Entities (including a discharge or transfer of patients at the Northwest Health and Rehabilitation Center) and/or to liquidate or dissolve the THI Entities if and when the Receiver deems any such actions appropriate;

provided, however, that any act or omission shall, solely within the business judgment of the Receiver, be calculated to preserve the value of the THI Entities' assets and to maximize the return to the THI Entities' creditors.

5. The following actions are hereby stayed:

(A) The commencement or continuation of a judicial, administrative or other action or proceeding against the THI Entities that was or could have been commenced before the commencement of this proceeding or to recover a claim against any of the THI Entities that arose before the commencement of this case;

(B) The enforcement against any of the THI Entities or against property of the receivership estate of a judgment obtained before the commencement of this case;

(C) Any act to obtain possession of property of the receivership estate or of property from the estate or to exercise control over property of the estate;

(D) Any act to create, perfect or enforce any lien against property of the receivership estate;

(E) Any act to create, perfect or enforce against property of any of the THI Entities any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

(F) Any act to collect, assess or recover a claim against any of the THI Entities that arose before the commencement of this proceeding; and

(G) The setoff of any debt owing to any of the THI Entities that arose before the commencement of this proceeding against any claim against any of the THI Entities.

6. The THI Entities shall cooperate with the Receiver and provide any available information to the Receiver necessary or appropriate to the operation, liquidation or other disposition of the THI Entities and any interests, assets or proceeds thereof.

7. The Receiver's appointment is approved without bond, subject to modification upon further order of this Court. If this Court should later order that bond must be provided, the bond premiums shall be paid from receivership estate funds.

8. The Receiver and his attorneys, accountants and other professionals and agents (including any manager or nursing home administrator engaged by the Receiver with respect to the Northwest Health and Rehabilitation Center) (collectively, the "Professionals"), to the extent they are acting in such capacity, shall neither have nor incur any liability to any person or entity for the following:

(A) Any act taken or omitted to be taken in good faith in connection with or related to this receivership;

(B) Any contract, instrument, release or other agreement or document created or entered into in connection with or related to this receivership proceeding;

(C) Any violations cited or penalties imposed in connection with administrative or regulatory actions taken by the Maryland Department of Health and Mental Hygiene or the Maryland Department of Aging or its local affiliate; or

(D) Any other liabilities or obligations of the THI Entities or their receivership estate, including but not limited to liabilities or obligations relating to employees' wages or arising from federal, state or local environmental or regulatory violations; or

provided, however, that the foregoing shall not apply if such act or omission is determined by this Court to constitute gross negligence or willful misconduct.

9. The receivership estate shall indemnify and hold harmless the Receiver and the Professionals (including but not limited to Tydings & Rosenberg LLP and Executive Sounding Board Associates, Inc.) from any liability arising from acts or decisions taken in connection with this receivership proceeding as described in the preceding paragraph and shall reimburse the Receiver or Professional for the cost of defending against any assertion of such liability.

10. The Receiver is authorized to employ Tydings & Rosenberg LLP as its counsel in this proceeding.

11. The compensation of the Receiver and Tydings & Rosenberg LLP shall be subject to further order of this Court.

12. The Receiver is authorized to employ and compensate other Professionals, including but not limited to Executive Sounding Board Associates, Inc., in the ordinary course of business and without further order of this Court.

13. Except as otherwise provided herein, the Receiver shall comply with Title 13 of the Maryland Rules in all respects.

14. This Order shall remain in effect until further order of the Court.

Judge, Circuit Court of Maryland
for Baltimore County

OR BK 26764 PG 1568
LAST PAGE

09-11513 CA 20

# STATE OF MARYLAND, BALTIMORE COUNTY, TO WIT:

I HEREBY CERTIFY THAT THE AFOREGOING IS A TRUE PHOTOCOPY OF THE ORIGINAL ORDER APPOINTING RECEIVER

FILED FOR RECORD
2009 FEB 12 PM 1:59
CIRCUIT COURTS ... CTY. FLA

TAKEN FROM THE RECORDS OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AS RECORDED IN CASE 03-C-09-000141.

IN TESTIMONY WHEREOF, I HERETO SET MY HAND AND AFFIX THE SEAL OF THE CIRCUIT COURT FOR BALTIMORE COUNTY THIS 4TH DAY OF FEBRUARY, 2009.

Suzanne Mensh

CLERK OF THE CIRCUIT COURT
FOR BALTIMORE COUNTY

09-11513 CA 20

CFN 2009R0135920
OR Bk 26764 Pgs 1569 - 1570; (2pgs)
RECORDED 02/24/2009 15:08:08
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

2009 FEB 12 PM 1:59
FILED FOR RECORD
CLERK CIRCUIT & COUNTY COURTS DADE CTY. FLA.

**AFFIDAVIT**

STATE OF FLORIDA )
COUNTY OF MIAMI-DADE )

BEFORE ME appeared Marian Kennady, who, being duly sworn, deposes and states:

1. My name is Marian Kennady and I am an attorney with the law firm of Concepcion, Sexton and Martinez, P.A., located at 355 Alhambra Circle, Suite 1250, Coral Gables, Florida, 33134, Tele: 305-444-6669, representing the Court-Appointed Receiver of Trans Healthcare Inc. and the Related Entities.

2. Set forth below are the names and addresses of the parties to be provided with notice of the recording of the Order Appointing Receiver which was entered by the Circuit Court Judge of the Circuit Court of Maryland in and for Baltimore County entered on dated January 9, 2009 in Case No. 03-C-09-000141.

BONNIE CREEKMOR
c/o WILKES & MCHUGH
ONE NORTH DALE MABRY
SUITE 800
TAMPA, FL 33602
(813) 873-0026

ESTATE OF ARLENE TOWNSEND
c/o WILKES & MCHUGH
ONE NORTH DALE MABRY
SUITE 800
TAMPA, FL 33602
(813) 873-0026

JUANITA AMELIA JACKSON
CATHERINE WHATLEY
c/o WILKES & MCHUGH
ONE NORTH DALE MABRY, SUITE 800
TAMPA, FL 33602
(813) 873-0026

09-11513 CA 20

OPAL SASSER
c/o WILKES & MCHUGH
ONE NORTH DALE MABRY
SUITE 800
TAMPA, FL 33602
(813) 873-0026

ROSE WEBB AND JOSEPH WEBB
c/o WILKES & MCHUGH
ONE NORTH DALE MABRY
SUITE 800
TAMPA, FL 33602
(813) 873-0026

ESTATE OF ELVIRA NUNZIATA AND
RICHARD NUNZIATA
c/o WILKES & MCHUGH
ONE NORTH DALE MABRY
SUITE 800
TAMPA, FL 33602
(813) 873-0026

JOHN WESLY MCMILLON AND
KATHY MCMILLON DUNCON AS PERSONAL REPRESENTATIVE
c/o ELLIS, GED & BODDEN, PA
7171 NORTH FEDERAL HIGHWAY
BOCA RATON, FL
(561) 995-1966

THIS CONCLUDES THIS AFFIDAVIT.

MARIAN G. KENNADY
AFFIANT

SWORN TO and SUBSCRIBED before me this 9th day of February, 2009 by MARIAN G. KENNADY, who is personally known to me.

CHRISTINA DIEZ
MY COMMISSION # DD 469050
EXPIRES: October 3, 2009
Bonded Thru Notary Public Underwriters

NOTARY PUBLIC

OR BK 26764 PG 1570
LAST PAGE

CFN 2009R0284399 OR BK 26834 Pg 1133; (1pg)
RECORDED 04/20/2009 11:28:18
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
OF FLORIDA, IN AND FOR DADE COUNTY

CASE NO. 09-11513 CA 20

TRANS HEALTHCARE INC.

PLAINTIFF(S)

vs

JOHN MCMILLON &
KATHY DUNCAN
DEFENDANTS(S)

DEBRA HENRY

FILED FOR RECORD
2009 APR 16 PM 12:20

STATE OF FLORIDA )
) SS
COUNTY OF FLORIDA)

I, HARVEY RUVIN, as Clerk of said Court do hereby certify that pursuant to Florida Statute 55.604 the statutory period for filing an objection to a foreign judgment has elapsed in the above styled case. After researching the case docket and court file it has been determined that no objections have been filed in this case.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court at Miami, Dade County, Florida, this 16th day of APRIL A.D., 20 09 .

Harvey Ruvin, Clerk
Circuit and County Courts

by [signature]
Deputy Clerk

EXHIBIT
B

GLW

ELEVENTH CIRCUIT COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 09-11513-CA-20

TRANS HEALTHCARE, INC.,

A Foreign Corporation,

v.

BONNIE CREEKMOR,
_____________________________/

**RE-NOTICE OF HEARING**
**(SPECIAL SET 20 Minutes)**

**YOU ARE HEREBY NOTIFIED** that the undersigned has set down for hearing before the **Honorable Ronald Dresnick**, one of the Judges of the above-styled Court, in Chambers at the Miami-Dade County Courthouse, 73 West Flagler Street, Room 5-3, Miami, Florida, 33130, on **July 17, 2009** at **2:00 p .m.** or as soon thereafter as same can be heard, the following:

**PLAINTIFFS' MOTION TO EXPEDITE DOMESTICATION OF RECEIVERSHIP ORDER**

**We understand that the hearing set cannot be re-set or cancelled unless approved by Judge Dresnick or the parties agree in writing that the issue scheduled for hearing has been resolved.**

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,

CONCEPCION SEXTON & MARTINEZ
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Tel. 305-446-4000; Fax 305-446-7764

By: ______________________________
CARLOS F. CONCEPCION, ESQ.
Florida Bar No.: 386730
MARIAN KENNADY, ESQ.
Florida Bar No.: 379580

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. mail to: Gary Wimbish, Esq., Wikes & McHugh, One North Dale Mabry, Suite 800, Tampa, Florida 33602; Gail F. Moulds, Esq., 100 2nd Avenue S, Suite 902S, ST. Petersburg, Florida 33701; Carlos A. Bodden, Esq., Ellis, Ged & Bodden, P.A., 7171 North Federal Highway, Boca Raton, Florida Thomas A. Valdez, Esq., Quintairos, Prieto, Wood & Boyer, P.A., 4905 W Laurel St., Suite 200, Tampa, Florida 33607, Albert J. Ferrera, Esq., Quintairos, Prieto, Wood & Boyer, P.A., 4905 W Laurel St., Suite 200, Tampa, Florida 33607 and Edward Patrick Buntz, Esq., McCumber Daniels Buntz et al, P.A., 4830 W. Kennedy Blvd, Suite 300, Tampa, Florida 33609 this 9 day of July, 2009.

By: ______________________
CARLOS F. CONCEPCION, ESQ.
Florida Bar No.: 386730
MARIAN KENNADY, ESQ.
Florida Bar No.: 379580

cc. The Honorable Ronald Dresnick, Jr.,

**AMERICANS WITH DISABILITIES ACT NOTICE**

If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Dade County Court's ADA Coordinator at 73 West Flagler, Room 1600, Miami, Florida 33130; telephone number (305) 375-2006 for voice, (305) 375-2007 for TDD, or (305) 350-6205 for fax, within 2 working days of your receipt of this document. TDD users may also call 1-800-955-8771, for the Florida Relay Service.



Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

re: Creekmore

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE RECEIVERSHIP ESTATE OF<br>TRANS HEALTHCARE, INC., et al., | * * * | Case Number: 03-C-09-000141 |

* * * * * * * * * * * *

**SUPPLEMENTAL NOTICE TO CREDITORS BY RECEIVER**

TO ALL PERSONS INTERESTED IN THE ESTATE OF TRANS HEALTHCARE, INC. AND ITS RELATED ENTITIES:

Notice is given with respect to Trans Healthcare, Inc. and its related entities identified on the attached list (collectively, the "THI Entities"), whose business address is 902 Ridgebrook Road, Sparks, Maryland 21152, that this Court has appointed Michael L. Sandnes, whose business address is Executive Sounding Board Associates, Inc., 10 North Calvert Street, Suite 647, Baltimore, Maryland 21202, (410) 783-0098, as receiver for the THI Entities.

All persons having claims against the THI Entities MUST file them, under oath, with the Clerk of the Circuit Court at the address below and serve copies on the receiver and his counsel not later than 120 days from the date this Notice was issued. **A PERSON WHO FAILS TO FILE A CLAIM WITHIN THE TIME ALLOWED WILL NOT SHARE IN ANY DISTRIBUTION FROM THE RECEIVERSHIP ESTATE.** Any person having already filed a claim under oath with the Clerk of Court should not file an additional, duplicate claim. A proof of claim form is attached.

Date Issued: August 11, 2009

[signature]
Clerk of the Circuit Court for Baltimore County
County Courts Building
401 Bosley Avenue
Towson, Maryland 21204-0754

RECEIVER:
Michael L. Sandnes
Executive Sounding Board Associates, Inc.
10 North Calvert Street, Suite 647
Baltimore, Maryland 21202
(410) 783-0098

COUNSEL FOR RECEIVER:
Maria Ellena Chavez-Ruark, Esquire
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9739

**True Copy Test**
SUZANNE MENSH, Clerk
Per [signature]
Assistant Clerk

#1105741v.1

RECEIVED
AUG 27 2009
WILKES & McHUGH

## LIST OF THI ENTITIES WITH TAX IDENTIFICATION NUMBERS

| NAME | TAX I.D. NO. |
|---|---|
| Trans Healthcare, Inc. | 25-1777878 |
| Millennium Health and Rehabilitation Center of Ellicott City, LLC | 30-0015002 |
| Millennium Health and Rehabilitation Center of Forestville, LLC | 43-1954014 |
| PATHCare, Inc. | 20-4364286 |
| THI of Maryland, Inc. | 01-0692707 |
| THI of Maryland at Bel Pre, LLC | 01-0692768 |
| THI of Maryland at Fort Washington, LLC | 01-0692775 |
| THI of Maryland at Franklin Square, LLC | 01-0692751 |
| THI of Maryland at Liberty Heights, LLC | 01-0692728 |
| THI of Maryland at Marley Neck, LLC | 01-0692722 |
| THI of Maryland at Northwest, LLC | 01-0692737 |
| THI of Maryland at South River, LLC | 01-0692746 |
| THI of Maryland Real Estate Holding Co., LLC | 48-1281681 |
| THI of Maryland SNFs I, LLC | 48-1281675 |
| THI of Maryland SNFs II, LLC | 48-1281682 |
| THI of Ohio at Berea, LLC | 83-0339582 |
| THI of Ohio at Chardon, LLC | 06-1653895 |
| THI of Ohio at Columbus, LLC | 81-0575878 |
| THI of Ohio at Cortland, LLC | 83-0339579 |
| THI of Ohio at Golden Years, LLC | 81-0575876 |
| THI of Ohio at Greenbriar North, LLC | 83-0339577 |
| THI of Ohio at Greenbriar South, LLC | 81-0575871 |
| THI of Ohio at Hillcrest, LLC | 81-0575854 |
| THI of Ohio at Kent, LLC | 83-0339578 |
| THI of Ohio at Maple View, LLC | 81-0575860 |
| THI of Ohio at Northwestern, LLC | 74-3066313 |
| THI of Ohio at Oak Grove, LLC | 81-0575845 |
| THI of Ohio at Paradise Oaks, LLC | 81-0575846 |

| | |
|---|---|
| THI of Ohio at Somerset, LLC | 81-0575847 |
| THI of Ohio at Valley View, LLC | 81-0575884 |
| THI of Ohio at Willard, LLC | 81-0575850 |
| THI of Ohio at Wintersong Village, LLC | 81-0575863 |
| THI of Ohio at Woodland, LLC | 81-0575870 |
| THI of Ohio ALFs, Inc. | 25-1860783 |
| THI of Ohio ALFs I, LLC | 83-0339583 |
| THI of Ohio ALFs at the Commons, LLC | 83-0339585 |
| THI of Ohio Real Estate Holding Company, LLC | 81-0575842 |
| THI of Ohio SNFs, LLC | 81-0575815 |
| THI Properties, Inc. | 25-1860786 |
| THI Services Corp. | 25-1864309 |
| THI Services of Maryland, LLC | 03-0448956 |
| THI Specialty Hospitals of Ohio, Inc. | 25-1894724 |
| THI Therapy Concepts, LLC | 03-0448968 |
| Trans Healthcare of Ohio, Inc. | 25-1827718 |

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

In the Matter of: *

TRANS HEALTHCARE, INC., et al., * Case Number: 03-C-09-000141

Petitioners. *

* * * * * * * * * * * *

**CLAIM AGAINST DEBTORS**

NAME OF CLAIMANT: ____________________

AMOUNT OF CLAIM: ____________________

BASIS FOR DEBT: ____________________

CIRCLE ONE: The claim is SECURED UNSECURED.

The undersigned certifies, in accordance with the verification below, that the Debtors are indebted to the claimant in the amount shown and for the reasons stated, that there is no security for the debt other than that stated above or in an attachment to this claim form, that no matured interest is included, and that the undersigned is authorized to make this claim.

CHECK ONE:

☐ I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing claim are true; or

☐ I solemnly affirm under the penalties of perjury that I am employed by the claimant, that the claimant keeps regular books and records, that the keeping of these books is in my charge or under my supervision, that the entries in these books were made in the regular course of business, and that the entries show the facts set forth in this claim.

Dated: ____________________

____________________
Signature of Authorized Agent
Printed Name: ____________________
Title: ____________________
Address: ____________________
____________________
Telephone: ____________________

#1105741v.1

INSTRUCTIONS: Attach evidence of the debt (ex. statement of account, invoices, promissory notes or other evidence of the claim) and evidence of the security interest, if any. If the original and all copies of a written instrument securing a claim are lost or destroyed, the claimant must attach a statement explaining the circumstances of the loss or destruction.

File this claim with the Clerk of the Circuit Court for Baltimore County, County Courts Building, 401 Bosley Avenue, Towson, Maryland 21204-0754, no later than 120 days from the date of the Supplemental Notice to Creditors issued by the Court.

Serve a copy on the receiver: Michael L. Sandnes, Executive Sounding Board Associates, Inc., 10 North Calvert Street, Suite 647, Baltimore, Maryland 21202.

Serve a copy on the receiver's counsel: Maria Ellena Chavez-Ruark, Esquire, Tydings & Rosenberg LLP, 100 East Pratt Street, 26th Floor, Baltimore, Maryland 21202.

If the claim is based on an obligation owed jointly to two or more persons, any one of the joint creditors may verify the claim. If the claimant is a corporation, association or partnership, any officer, partner or authorized agent may verify the claim.

A PERSON WHO FAILS TO FILE A CLAIM WITHIN THE TIME ALLOWED WILL NOT SHARE IN ANY DISTRIBUTION FROM THE RECEIVERSHIP ESTATE. Any person having already filed a claim under oath with the Clerk of Court should not file an additional, duplicate claim.

**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

The Estate of JUANITA AMELIA JACKSON by and through CATHY JACKSON-PLATTS f/k/a CATHERINE WHATLEY, Personal Representative,

Plaintiff,

Case No. 53-2004-CA-003229

v.

BRIAR HILL, INC.; LYRIC HEALTH CARE HOLDINGS III, INC.; LYRIC HEALTH CARE LLC; TFN HEALTH CARE INVESTORS, LLC; IHS ACQUISITION NO. 153, INC.; ALLIANCE HEALTH CARE SERVICES, INC. a/k/a ALLIANCE HEALTH SERVICES, INC.; INTEGRATED HEALTH SERVICES, INC.; TRANS HEALTH MANAGEMENT, INC.; TRANS HEALTH CARE, INC.; DANIEL H. BEELER; RICHARD KUHLMEYER; REBECCA BACHMAN; and BARBARA BROWN; (as to INTEGRATED HEALTH SERVICES AT AUBURNDALE n/k/a AUBURNDALE OAKS HEALTHCARE CENTER),

Defendants.

_______________________________________/

**ORDER**

THIS CAUSE, having come before the Court on Motion to Withdraw as previously filed herein by the law firm of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., and the Court, having heard argument of counsel, and finding that the law firm of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., was terminated by its client, TRANS HEALTH MANAGEMENT, INC., and TRANS HEALTH CARE, INC., and being otherwise fully apprised in the premises, the Court finds and **ORDERS** as follows:



EXHIBIT K

1. That the law firm of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., has been terminated by its client TRANS HEALTH MANAGEMENT, INC., and TRANS HEALTH CARE, INC., and is no longer able to provide litigation defense to the aforementioned Defendants;
2. That Kristi L. Anderson, a Member of the Maryland Bar, whose address is 920 Ridgebrook Road, Sparks, MD, shall be the contact person for purposes of serving pleadings and proceeding regarding the defense of this lawsuit and the Defense is to contact her concerning this new trial date;
3. That the Trial of this cause, currently scheduled for June 7, 2010, shall be continued to a two-week docket beginning July 12, 2010, with a Pre-Trial Conference on June 22, 2010, at 9:00 a.m.

**IT IS THEREFORE ORDERED** that the law firm of QUINTAIROS, PRIETO, WOOD & BOYER, P.A., be and is hereby allowed to withdraw as counsel for Defendants Trans Healthcare, Inc., and Trans Health Management, Inc., and is hereby relieved of any further responsibility as counsel for said Defendants;

**IT IS FURTHER ORDERED** that trial of this matter be and is hereby continued to a two-week docket beginning **July 12, 2010**, with a Pre-Trial Conference on **June 22, 2010, at 9:00 a.m.**

**DONE AND ORDERED** in Chambers at Bartow, Polk County, Florida, this 4 day of ~~May~~ June, 2010.

/s/ Charles B. Curry

HONORABLE CHARLES B. CURRY
Circuit Court Judge

Conformed copies to:
Blair Mendes, Esquire
Kevin W. Richardson, Esquire
Kristi Anderson, Esquire

BNH

55

MERITAS LAW FIRMS WORLDWIDE

ATTORNEYS AT LAW
TYDINGS & ROSENBERG LLP

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

TOWSON MD OFFICE
410.337.0407
FAX 410.337.3758

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

August 11, 2010

MARIA ELLENA CHAVEZ-RUARK
410.752.9739
mruark@tydingslaw.com

**BY FIRST CLASS MAIL**

Blair N. Mendes, Esquire
Wilkes & McHugh, P.A.
One North Dale Mabry, Suite 800
Tampa, FL 33609

Re: *In the Matter of Trans Healthcare, Inc., et al.*

Dear Mr. Mendes:

As you know, Trans Healthcare, Inc. and certain of its related entities (collectively, the "THI Entities") are in receivership in Maryland, and this firm represents the receiver. We are in receipt of your letter dated August 5, 2010, a copy of which is attached, and the accompanying motion.

The Order Appointing Receiver issued by the receivership court on January 8, 2009, among other things, stays all litigation and discovery, including discovery in aid of execution. A copy of the order is attached. Under Maryland law, the receivership court retains exclusive jurisdiction over the adjudication of all claims. Therefore, with all due respect to you, your client and the Court, we will not be completing Form 1.977(b).

Sincerely,

Maria Ellena Chavez-Ruark

Maria Ellena Chavez-Ruark

cc: Alan M. Grochal, Receiver (w/enclosures)
The Honorable J. Michael McCarthy (w/enclosures)

Enclosures (2)

EXHIBIT
L

#1341252v.1

BN

55

# WILKES & McHUGH, P.A.
ATTORNEYS AT LAW

TAMPA COMMONS
ONE NORTH DALE MABRY
SUITE 800
TAMPA, FLORIDA 33609

(813) 873-0026
1-800-255-5070
FAX: (813) 286-8820

August 5, 2010

Honorable J. Michael McCarthy
Polk County Circuit Court
255 N. Broadway Avenue
Bartow, Florida 33831

**Re: The Estate of Juanita Amelia Jackson v. Briar Hill, Inc., et al.**
**CASE NO. 2004-CA-3229**

Dear Judge McCarthy:

Please find enclosed an Order and Plaintiff's Motion Requesting an Order Pursuant to Fla. R. Civ. P. 1.560 (b) Requiring Defendants/Judgment Debtors to Complete Fla. R. Civ. P. Form 1.977 (b).

If Plaintiff's Order meets with your Honor's approval, please execute same. We have enclosed copies of the Order, along with addressed and stamped envelopes, for the conformed copies.

Thank you for your time and attention to this matter.

Very truly yours,

J. Gueber FOR

Blair N. Mendes, Esq.

BNM/sdt

cc: Kristi L. Anderson, Esq.
Trans Healthcare, Inc
Trans Health Management, Inc

BN 55

Juanita Jackson

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| In the Matter of: | * | |
| TRANS HEALTHCARE, INC., et al., | * | Case Number: 03-C-09-000141 |
| Petitioners. | * | |

* * * * * * * * * * * *

**ORDER APPOINTING RECEIVER**

Upon consideration of the Emergency Voluntary Petition for Appointment of Receiver (the "Petition") filed by Trans Healthcare, Inc. and its related entities (collectively, the "THI Entities") in the above-captioned case; and this Court having determined that cause exists to appoint a receiver to preserve the assets of the THI Entities and maximize the return to the THI Entities' creditors; it is this 8 day of January, 2009, by the Circuit Court of Maryland for Baltimore County, hereby ORDERED:

1. The Petition is GRANTED.

2. Michael L. Sandnes (the "Receiver") is APPOINTED receiver of the assets, operations and business of the THI Entities, and the receivership estates of the THI Entities are consolidated for all purposes.

3. Pursuant to Section 3-418 of the Corporations and Associations Article of the Annotated Code of Maryland, the Receiver is vested with full title to all the assets of the THI Entities and has full power to enforce obligations or liabilities in its favor. The Receiver has the power and authority to take any and all actions in lieu of, and as would otherwise be taken by, the officers and directors of the THI Entities without further court order.

4. The Receiver has the power and authority to take any and all actions necessary to preserve, protect and liquidate the assets of the THI Entities without further court order, which powers and authorities include but are not limited to the following:

(A) The power and authority to take charge of and assume exclusive control of all real and personal property, tangible or intangible assets, operations and business affairs of the THI Entities and all products and proceeds thereof;

(B) The power and authority to manage and operate the THI Entities' assets and continue or discontinue the operations of the THI Entities in such manner as, in the Receiver's reasonable business judgment, will maximize the proceeds realized by the receivership estate, and to seek the advice and instruction from this Court in connection therewith;

(C) The power and authority to operate the Northwest Health and Rehabilitation Center and to maintain proper staffing levels, keep appropriate insurance in force, maintain appropriate stocks of medical and other supplies, keep medical equipment in operable condition, provide proper medical care and treatment at the facility, manage employees, hire and terminate employees, manage the facility's affairs with the employees' union and maintain licenses;

(D) The power and authority to collect any and all profits, income, revenues and accounts now due and hereafter becoming due for or on account of the THI Entities' operations and, if appropriate, to commence legal action to pursue collection of any such account or other amounts receivable;

(E) The power and authority to manage any and all litigation to which any THI Entity is a party and to manage disputes and other matters involving creditors of the THI Entities;

(F) The power and authority to take and keep possession of all assets of the THI Entities, including without limitation all of the real and personal property of the THI Entities;

(G) The power and authority to sell, liquidate or otherwise dispose of the THI Entities' assets (including the real and personal property constituting the Northwest Health and Rehabilitation Center) without further order of this Court;

(H) The power and authority to perform under, enforce and terminate contracts and leases as the Receiver deems necessary and appropriate, including but not limited to the Consulting Agreement between THI of Maryland at Northwest, LLC and White Oak Healthcare, LLC dated on or about

December 29, 2008 and the letter of intent between certain of the THI Entities and Persimmon Ventures, LLC dated January 7, 2009;

(I) The power and authority to abandon any assets (including the real and personal property constituting the Northwest Health and Rehabilitation Center) which the Receiver deems, in his sole and absolute discretion, to have no value for the receivership estate;

(J) The power and authority to execute any documents necessary to further the powers and authorities set forth herein; and

(K) The power and authority to wind down the business affairs of the THI Entities (including a discharge or transfer of patients at the Northwest Health and Rehabilitation Center) and/or to liquidate or dissolve the THI Entities if and when the Receiver deems any such actions appropriate;

provided, however, that any act or omission shall, solely within the business judgment of the Receiver, be calculated to preserve the value of the THI Entities' assets and to maximize the return to the THI Entities' creditors.

5. The following actions are hereby stayed:

(A) The commencement or continuation of a judicial, administrative or other action or proceeding against the THI Entities that was or could have been commenced before the commencement of this proceeding or to recover a claim against any of the THI Entities that arose before the commencement of this case;

(B) The enforcement against any of the THI Entities or against property of the receivership estate of a judgment obtained before the commencement of this case;

(C) Any act to obtain possession of property of the receivership estate or of property from the estate or to exercise control over property of the estate;

(D) Any act to create, perfect or enforce any lien against property of the receivership estate;

(E) Any act to create, perfect or enforce against property of any of the THI Entities any lien to the extent that such lien secures a claim that arose before the commencement of this proceeding;

(F) Any act to collect, assess or recover a claim against any of the THI Entities that arose before the commencement of this proceeding; and

(G) The setoff of any debt owing to any of the THI Entities that arose before the commencement of this proceeding against any claim against any of the THI Entities.

6. The THI Entities shall cooperate with the Receiver and provide any available information to the Receiver necessary or appropriate to the operation, liquidation or other disposition of the THI Entities and any interests, assets or proceeds thereof.

7. The Receiver's appointment is approved without bond, subject to modification upon further order of this Court. If this Court should later order that bond must be provided, the bond premiums shall be paid from receivership estate funds.

8. The Receiver and his attorneys, accountants and other professionals and agents (including any manager or nursing home administrator engaged by the Receiver with respect to the Northwest Health and Rehabilitation Center) (collectively, the "Professionals"), to the extent they are acting in such capacity, shall neither have nor incur any liability to any person or entity for the following:

(A) Any act taken or omitted to be taken in good faith in connection with or related to this receivership;

(B) Any contract, instrument, release or other agreement or document created or entered into in connection with or related to this receivership proceeding;

(C) Any violations cited or penalties imposed in connection with administrative or regulatory actions taken by the Maryland Department of Health and Mental Hygiene or the Maryland Department of Aging or its local affiliate; or

(D) Any other liabilities or obligations of the THI Entities or their receivership estate, including but not limited to liabilities or obligations relating to employees' wages or arising from federal, state or local environmental or regulatory violations; or

provided, however, that the foregoing shall not apply if such act or omission is determined by this Court to constitute gross negligence or willful misconduct.

9. The receivership estate shall indemnify and hold harmless the Receiver and the Professionals (including but not limited to Tydings & Rosenberg LLP and Executive Sounding Board Associates, Inc.) from any liability arising from acts or decisions taken in connection with this receivership proceeding as described in the preceding paragraph and shall reimburse the Receiver or Professional for the cost of defending against any assertion of such liability.

10. The Receiver is authorized to employ Tydings & Rosenberg LLP as its counsel in this proceeding.

11. The compensation of the Receiver and Tydings & Rosenberg LLP shall be subject to further order of this Court.

12. The Receiver is authorized to employ and compensate other Professionals, including but not limited to Executive Sounding Board Associates, Inc., in the ordinary course of business and without further order of this Court.

13. Except as otherwise provided herein, the Receiver shall comply with Title 13 of the Maryland Rules in all respects.

14. This Order shall remain in effect until further order of the Court.

Judge, Circuit Court of Maryland
for Baltimore County

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, STATE OF FLORIDA
CIVIL DIVISION

The Estate of JUANITA AMELIA JACKSON,
by and through CATHY JACKSON-PLATTS
f/k/a CATHERINE WHATLEY,
Personal Representative,

Plaintiff,

CASE NO.: 2004-CA-3229
DIVISION: 07

vs.

BRIAR HILL, INC.; LYRIC HEALTH CARE HOLDINGS III, INC; LYRIC HEALTH CARE LLC; TFN HEALTHCARE INVESTORS, LLC; IHS ACQUISITION NO. 153, INC.; ALLIANCE HEALTH CARE SERVICES, INC. a/k/a ALLIANCE HEALTH SERVICES, INC.; INTEGRATED HEALTH SERVICES, INC.; TRANS HEALTH MANAGEMENT, INC.; TRANS HEALTHCARE, INC.; DANIEL H. BEELER; RICHARD KUHLMEYER; REBECCA BACHMAN; and BARBARA BROWN; (as to INTEGRATED HEALTH SERVICES AT AUBURNDALE n/k/a AUBURNDALE OAKS HEALTHCARE CENTER)

Defendants.
_______________________________________/

**<u>EXECUTION</u>**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to levy on the property of TRANS HEALTH MANAGEMENT, INC., and TRANS HEALTHCARE, INC. subject to execution of the Final Judgment entered on July 22, 2010, which Final Judgment has been recorded in the Public Records of Polk County, Florida at O.R. Book 08190, Pages 1564-1565, in the sum of $110,000,000.00, of which judgment amount Defendant TRANS HEALTH MANAGEMENT, INC. is liable to satisfy the sum of $55,000,000.00 with interest at six percent (6%) per year from July 22, 2010 (date of Final Judgment), and of which judgment amount Defendant TRANS HEALTHCARE, INC. is liable to satisfy the sum of $55,000,000.00 with interest at six percent (6%) per year from July 22, 2010 (date of Final Judgment), until paid and to have this writ before the court when satisfied.

EXHIBIT
M

DATED on : SEP 1 5 2010

RICHARD M. WEISS
Clerk of the Court
By: Pam Beresford
Print Name: Pam Beresford
As Deputy Clerk

CIRCOURT COURT POLK COUNTY, FLORIDA

Case No. 2004-CA-3229
DIVISION 7

Plaintiff
The Estate of JUANITA AMELIA JACKSON, by and through CATHY JACKSON-PLATTS, Personal representative,

vs.

Defendant
BRIAR HILL, INC., ; LYRIC HEALTH CARE HOLDINGS III, INC; LYRIC HEALTH CARE LLC; TFN HEALTHCARE INVESTORS, LLC; IHS ACQUISITION NO. 153, INC.; ALLIANCE HEALTH CARE SERVICES, INC. a/k/a ALLIANCE HEALTH SERVICES, INC.; INTEGRATED HEALTH SERVICES, INC.; TRANS HEALTH MANAGEMENT, INC.; TRANS HEALTHCARE, INC.; DANIEL H. BEELER; RICHARD KUHLMEYER; REBECCA BACHMAN; and BARBARA BROWN; (as to INTEGRATED HEALTH SERVICES AT AUBURNDALE n/k/a AUBURNDALE OAKS HEALTHCARE CENTER)

**JUDGMENT LIEN AFFIDAVIT**
Pursuant to F.S. 56.27 (4)(a)(b)(c)

STATE OF FLORIDA
COUNTY OF **HILLSBOROUGH**

Before me, the undersigned personally appeared **MARY J. PERRY ,** assignee, who by me first duly sworn, states:

1. I have researched the Department of State's internet website at www.sunbiz.org and found there are no other judgment liens filed under the name of Trans Healthcare, Inc. or Trans Health

EXHIBIT
N

Management, Inc.

2. I have researched the website, www.floridaucc.com and have found no creditors who have filed UCC security interests in the name of Trans Healthcare, Inc. and/or Trans Health Management, Inc. .

3. I have no other levy in the State of Florida for Trans Healthcare, Inc. or Trans Health Management, Inc. .

Mary J. Perry, Esq

Signature of Plaintiff / Attorney

Sworn to and subscribed before me at Tampa, Florida
this 16th day of November 20 10

Kimberly A. Thorne

Notary Public

KIMBERLY A. THORNE
MY COMMISSION # DD 936682
EXPIRES: December 7, 2013
Bonded Thru Notary Public Underwriters