UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

The Estate of JUANITA AMELIA JACKSON,
by and through CATHY JACKSON-PLATTS
f/k/a CATHERINE WHATLEY,
Personal Representative,
    Plaintiff,

                                          CASE NO.:   8:10-CV2937-VMC-TGW
vs.                                          Honorable Virginia Hernandez-Covington

TRANS HEALTH MANAGEMENT, INC.;
TRANS HEALTHCARE, INC.; RUBIN SCHRON,
And GENERAL ELECTRIC CAPITAL CORPORATION;
    Defendants.
_____/

**PLAINTIFF'S EMERGENCY MOTION TO PERMIT DISCOVERY IN AID OF EXECUTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 69 AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, The Estate of Juanita Amelia Jackson, by and through Cathy Jackson-Platts f/k/a Catherine Whatley, Personal Representative (hereinafter "Judgment Creditor"), by and through the undersigned counsel, hereby file this *Emergency Motion to Permit Discovery in Aid of Execution Pursuant to Federal Rule of Civil Procedure 69 and Memorandum of Law in Support* and states:

    1.    This case was removed from the Circuit Court of Polk County, Florida after the trial court granted Plaintiff's Motions to Implead Rubin Schron ("Schron") and General Electric Capital Corporation ("GECC") in Proceedings Supplemental to Execution and for an Order to Show Cause as to Why GECC and Schron Should not be Liable for a Final Judgment entered in state court against Trans Healthcare, Inc. and Trans Health Management, Inc. (hereinafter the "Judgment Debtors"). By entering the Orders to show cause, the Circuit Court found that the Judgment Creditor had made a *prima facie* showing under Florida law [Order Granting

Plaintiff's Motion to Implead General Electric Capital Corporation As An Additional Defendant in Proceedings Supplemental and Directing General Electric Capital Corporation to Show Cause, 5-5]. The Judgment Creditor presented the Circuit Court with evidence documenting that GECC and Schron caused millions of dollars of the Judgment Debtors' assets to be fraudulently transferred out of the reach of the Judgment Creditor. The Circuit Court scheduled evidentiary hearings on the issue of fraudulent transfers of assets for supplementary post- judgment proceedings on March 21, 2011 and March 22, 2011 [5-5].

      2.     As an ancillary post-judgment proceeding, this Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1447 (c). Accordingly, the Judgment Creditor filed a Motion to Remand asserting its objections regarding removal [11]. Plaintiff, as the Judgment Creditor, is entitled to and has tried to obtain expedited discovery in aid of execution but GECC and the Judgment Debtors have colluded to delay the discovery by misusing the federal process and procedure. Plaintiff maintains that this Court lacks subject-matter jurisdiction. However, the fact that the proceeding has been removed and that remand is warranted does not absolve the Judgment Debtors and GECC from responding to valid discovery requests in a timely manner. This Court retains the authority to order the Judgment Debtors and the impled parties to answer outstanding state discovery requests.

      3.     When GECC removed the instant proceeding, it filed a Civil Cover Sheet claiming that it was an independent fraud action. *See* Exhibit 1. Specifically, GECC improperly labeled the proceeding as one arising under Section 370 "Other Fraud". *Id.* GECC described the cause of action as an "impleader action alleging fraudulent conveyance." However, this proceeding is neither a fraud action nor a conventional third-party impleader action pursuant to Fed. R. Civ. P. 14. Rather, it is an ancillary post-judgment proceeding based upon a state court

2

Order to show cause why GECC and Schron should not be held liable for the Final Judgment. It is a proceeding exclusively controlled by Federal Rule of Civil Procedure 69 and expressly incorporated state law procedures relating to execution and discovery in aid of execution.

4. GECC further represented to this Court that the requested relief for this ancillary proceeding is a $110 Million Demand. Once again, GECC's statement misrepresents the relief requested. There is no demand for $110 million. Instead, a Final Judgment was entered in state court in the amount of $110 million and the Judgment Creditor seeks to collect whatever assets of the Judgment Debtors were fraudulently conveyed to GECC and Schron to satisfy, or partially satisfy, the judgment.

5. This ancillary post-judgment proceeding should have been designated as an "Enforcement of Judgment" action under Section 150 of the Civil Cover Sheet completed by GECC.

6. Based upon GECC's misrepresentations to this Court regarding the nature of the instant proceedings, it was designated as a Track Two case pursuant to M.D. Fla. L. R. 3.05 (b)(2) on January 30, 2011 [13]. A review of the Track designations, as well as applicable Federal and Florida law regarding proceedings in aid of execution, makes it patently clear that this proceeding is not appropriate for a Track Two or Track Three designation.

7. A Track Two or Track Three designation places the case on an original action track mandating Fed. R. Civ. P. 26 discovery, pre-trial conferences and reports, and maintains a goal of conducting a trial within two years after the filing of the Complaint. M.D. Fla. L.R. 3.05 (2)(e). Certainly, these tracks do not recognize the unique nature of a post-judgment proceeding in aid of execution. It is not an original action requiring Rule 26 discovery from both parties nor a trial. In fact, the whole purpose behind these types of proceedings is to provide the judgment

creditor with a mechanism for a speedy resolution in the satisfaction of a judgment. *See, e.g., Mejia v. Ruiz*, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008); *Federal Deposit Insurance Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). The discovery is limited solely to the issue of improper transfers and location of assets. There is no reason for the impled GECC and Schron to propound Rule 26 discovery to the Estate. GECC, as an investment company, is well aware that the Final Judgment upon which execution is sought is final and not subject to collateral attack.

8. GECC seeks to improperly use the federal discovery process as a shield against Plaintiff, a Judgment Creditor, to further delay, hinder, and avoid satisfaction of the judgment. Since the Circuit Court's grant of the Order to show cause, GECC has resorted to various maneuvers aimed at delaying and avoiding discovery in aid of execution of judgment and the satisfaction of the Judgment. For a detailed account of such tactics, the Judgment Creditor directs this Court's attention to Plaintiff's Memorandum of Law in Opposition to GECC's Motion to Quash Subpoena *Duces Tecum* [12]. *See* post judgment timeline attached as Exhibit 2. Now, GECC, under the guise of waiting for the Case Management Conference, the Case Management Report, and a Preliminary Pre Trial Conference as required by Track Two, continues to refuse to produce even one document regarding the transfer of assets from the Judgment Debtors to GECC.

9. GECC's dilatory actions have also prevented the Judgment Creditor from seeking any post-judgment discovery from anyone else regarding the fraudulently transferred assets of the Judgment Debtors.

10. GECC seeks to manipulate the federal discovery process in an effort to prevent the broad and speedy relief afforded to judgment creditors under Rule 69. Plaintiff, as Judgment Creditor, seeks the assistance of this Court to engage in immediate discovery in aid of execution

as permitted under the Federal Rules.  In order to avoid further delay and injustice to the Judgment Creditor, this Court should permit Rule 69 discovery during the time it considers the pending Motion to Remand [11].  To do otherwise would simply allow the continuing pattern of hindering and delaying the Judgment Creditor from seeking a speedy resolution of its Judgment.

11. With each passing day, the Judgment Debtor's assets are further depleted.  Both GECC and Schron continue to engage in transferring assets.  According to a recent article, Schron has defaulted on two different real estate projects. *See* Exhibit 3.  GECC maintains a lockbox account on some or all of the Judgment Debtors' revenues. According to a report dated August 31, 2010, GECC had swept $1.9 million dollars from the accounts of the Judgment Debtors in 2009 through July 2010 alone.  *See* Exhibit 4; [12-4].  The ongoing transfer of assets is yet another reason the instant proceeding must be resolved swiftly and promptly.

12. While GECC has stated that it "has no substantive connection to the Defendants," a recent invoice of Tydings & Rosenberg, LLP attached to the Application for Compensation filed on December 7, 2010 in the receivership tells a different story. *See* Exhibit 5; [12-5]. It demonstrates that despite denying a relationship, counsel for GECC and the Judgment Debtors' receivers were discussing and developing strategies about the post-judgment discovery requested despite refusing to produce any documents to the Judgment Creditor. This constitutes further activity by GECC aimed at preventing and delaying discovery regarding the fraudulently transferred assets of the Judgment Debtors.

13. It is clear that the Judgment Creditor suffers irreparable harm with each day that the post-judgment discovery is delayed.  Witnesses and evidence are becoming stale and debtor assets are being further depleted.  This is precisely the result GECC hope to achieve with their dilatory tactics. However, Federal and Florida law mandates that it come to an end.

14. The Federal and Florida Courts have confirmed that the scope of post-judgment discovery in collection proceedings *is very broad* to permit a judgment creditor to discover assets upon which execution may be made. *See, e.g., Federal Deposit Insurance Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995); *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007); *Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Sys. Ltd.*, 526 So.2d 177, 179 (Fla. 2d DCA 1988). Post-judgment discovery pursuant to Rule 69 has the same wide breadth as discovery propounded pursuant to Rule 26:

> The language of Fed. R. Civ. P. 26 (b)(1), however, defines the scope of discovery as "any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." This phrase is to be construed broadly . . . . ***A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located.***

*National Service Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982)(emphasis added). This very Court has confirmed the broad nature of discovery afforded to judgment creditors to obtain information regarding the existence of assets to satisfy a judgment. *See United States. v. Lowe*, 2008 WL 4500224, *1 (M.D. Fla., Oct. 3, 2008).

15. Furthermore, "Rule 69 (a) has been held to authorize discovery from third persons, without an additional suit, if the inquiry is likely to disclose or lead to the disclosure of assets of the judgment debtor." *Minpeco, S.A. v. Hunt*, 1989 WL 57704, at *2 (S.D.N.Y. May 24, 1989)(citation omitted). In other words, Plaintiff as a Judgment Creditor may use Rule 69 to obtain discovery from third parties, such as GECC, who may be the recipient of fraudulent transfers or otherwise participated in the concealment of a judgment debtor's assets.

16. This particular discovery mechanism was discussed by this Court in *Trustees of the North Florida Operating Engineers Health and Welfare Fund v. Lane Crane Service, Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993). In *Lane*, a judgment creditor sought discovery from a

third party in aid of execution. The third party moved for a protective order against a subpoena *duces tecum*. In rejecting the third party's motion for a protective order, this Court held that the plaintiff's efforts to obtain discovery from a third party pursuant to either Federal Rule of Civil Procedure 69 (a) or Florida Rule of Civil Procedure 1.560, was proper to determine whether the third parties held property belonging to the defendant. *Id.* at 664.

17. The case law clearly shows that discovery can be conducted even before a party is impled. *See, e.g.*, *Minpeco, S.A. v. Hunt*, 1989 WL 57704, at *2 (S.D.N.Y. May 24, 1989)(citation omitted).

18. As part of its discovery in aid of execution, Plaintiff Judgment Creditor seeks to schedule the depositions of non-party witnesses including Leonard Grunstein, Murray Forman and Allen Bodner. These witnesses are parties to lawsuits involving Rubin Schron filed in the Supreme Court of New York County, New York. In the suits, Schron, Grunstein and Forman attacked each other by making verified statements of fact accusing each other of breach of fidicuary duty, legal malfeasance and fraudulent transfers of hundreds of millions of dollars. The facts in the verified pleadings filed in the New York lawsuits show that contrary to representations of insolvency of the Judgment Debtors made in various Courts, including Courts in Maryland and Florida, there were millions of dollars in valuable corporate assets fraudulently transferred to Rubin Schron and GECC from the Judgment Debtors [Schron 5-1, pages 142-150, 5-2, pages 1-75, 5-3, pages 1-14; Bodner 5-3, pages 36-75, 5-4, pages 1-15].

19. The Judgment Creditor also seeks to serve subpoenas on THI Holdings, LLC, the parent company of the Judgment Debtors as well as Fundamental Administrative Services, Inc to obtain documents regarding the fraudulent transfer of assets from the Judgment Debtors to Schron and GECC.

20. Because a Judgment Creditor is entitled to speedy relief, an order denying post-judgment discovery is immediately appealable "because no other route for obtaining appellate review of the order is available." *See, e.g., Rouse Const. Intern., Inc. v. Rouse Const. Corp.,* 680 F.2d 743, 745 (11th Cir. 1982). 971 F.2d 5, 6 (7th Cir. 1992)("This circuit has held, however, that the denial of a motion to compel discovery in aid of the enforcement of a judgment is an appealable final order.")

21. GECC has failed to assert a legitimate reason to justify the delay and avoidance of the post-judgment discovery. This is particularly true since the Judgment Creditor has already made a *prima facie* showing sufficient under Florida law to justify an order to show cause why GECC and Schron should not be liable for the Final Judgment.

22. Pursuant to Local Rule 3.01 (g), the undersigned certifies that prior to the filing of this Motion, he conferred in good faith with opposing counsel in an effort to resolve the issues set forth herein. However, the parties were unable to agree to a resolution.

23. In order to prevent further irreparable harm to the Judgment Creditor's right to obtain discovery in aid of execution of the Final Judgment and satisfaction, the Judgment Creditor respectfully requests that this proceeding is immediately remanded to state court for a lack of subject-matter jurisdiction. In the alternative, the Judgment Creditor requests that the Court enter an Order permitting the Judgment Creditor to conduct immediate discovery in aid of execution under Federal Rule of Civil Procedure 69 and applicable Florida law from GECC, Schron, and non-parties who may be liable for some or all of the Judgment.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to: **Carol Licko, Esquire**, Hogan Lovells, carol.licko@hoganlovells.com.

I FURTHER CERTIFY that a true and correct copy of the above has been sent by [ ] Hand Delivery [ ] Facsimile [**X**] U.S. Mail to **Kristi Anderson**, Fundamental Administrative Services, Inc., 920 Ridgebrook Road, Sparks, Maryland 21152; and **Rubin Schron**, 1800 E. 9th Street, Brooklyn, NY 11223-2306, on this 3rd day of February, 2011.

    /S/ Isaac Ruiz-Carus
Isaac Ruiz-Carus, Esquire
Fla. Bar No. 0017004
iruiz-carus@wilkesmchugh.com
James R. Freeman, Esquire
Fla. Bar No. 0261971
jfreeman@wilkesmchugh.com
WILKES & McHUGH, P.A.
One North Dale Mabry, Suite 800
Tampa, Florida 33609
813/873-0026 // 813/286-8820 Fax
Attorneys for Plaintiff/Judgment Creditor,
Estate of Juanita Jackson