UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHY JACKSON-PLATTS,

    Plaintiff,

v.                                     CASE No. 8:10-CV-2937-T-33TGW

TRANS HEALTH
MANAGEMENT, INC., et al.,

    Defendants.
_____

## REPORT AND RECOMMENDATION

This cause came on to be heard upon the Plaintiff's Motion to Remand to State Court (Doc. 11), the impled defendant General Electric Capital Corporation's response thereto (Doc. 19), the plaintiff's reply (Doc. 39), and the impled defendant General Electric Capital Corporation's surreply (Doc. 56). The plaintiff's motion to remand has been referred to me for a report and recommendation (Doc. 46). Because this court has subject matter jurisdiction of this case and the plaintiff's claim for fraudulent transfer of funds against the impled defendants is removable, I recommend that the motion to remand be denied.

I.

This case was first filed in state court by the estate of Juanita Amelia Jackson based on claims of negligence and wrongful death against the defendants Trans Health Management, Inc. ("THMI"), and Trans Healthcare, Inc. ("THI"), which owned and managed the nursing home where Jackson was allegedly fatally injured. At some point, the defendant corporations became unable to fund their defense.[1] Consequently, on July 7, 2010, default was entered in the Florida state case because the defendants "fail[ed] to plead or otherwise defend as provided by FRCP 1.500(b)" (Doc. 5-10, p. 3). Polk County Circuit Judge J. Michael McCarthy went forward with the jury trial at which the defendants were not represented.[2] The jury found the defendants were jointly and severally liable for negligence and wrongful death, in the

---

[1] Prior to trial, THI filed an Emergency Voluntary Petition for Appointment of Receiver in the Baltimore County Circuit Court in Maryland (Doc. 23-15, p. 3; see Doc. 34-6). A receivership was approved by the Maryland court and on January 8, 2009, Michael L. Sandnes was appointed receiver (Doc. 23-15, pp. 3-7). Thereafter, according to the parties, the receiver ceased funding THI's defense. Furthermore, the parties agree that defendant THMI is no longer operating and is possibly defunct.

[2] It should be noted that the judge in the Maryland case ordered a stay of "[t]he ... continuation of a judicial ... action or proceeding against [THI] that was ... commenced before the commencement of this proceeding or to recover a claim against ... [THI] that arose before the commencement of this case" (Doc. 23-15, p. 5). However, the Florida court denied the defendants' motion to stay the case and proceeded to trial.

amounts of $10 million in compensatory damages and $100 million in punitive damages. Judgment was therefore entered against the defendants (Doc. 5-8, pp. 2-3). Thereafter, execution of the final judgment was authorized as to the defendants to satisfy the debt (Doc. 23-17).

In connection with post-judgment enforcement proceedings, Judge McCarthy on December 14, 2010, granted the plaintiff's motion to implead General Electric Capital Corporation ("GECC") on allegations that the defendants' assets were fraudulently transferred to that party (see Doc. 34-21). On December 30, 2010, GECC filed a notice of removal of the suit to federal court based on diversity jurisdiction in accordance with 28 U.S.C. 1446 (Doc. 1).

The plaintiff moved to remand, alleging that the millions of dollars of fraudulently transferred funds she is seeking from the impled defendants is merely an ancillary matter concerning post-judgment enforcement proceedings pursuant to §56.29, Fla. Stat., and therefore, this court lacks subject matter jurisdiction (Doc. 11). There were no federal claims alleged in the suit. While the plaintiff's motion to remand referred to a second impled defendant named Rubin Schron, he had not, at that point,

been served with a copy of the complaint. However, Schron was served on January 28, 2011 (Doc. 16), four days after the motion to remand was filed (Doc. 11). A hearing was subsequently held on the motion (Doc. 60).

II.

A defendant may remove to federal court an action filed in state court based on either diversity or federal question jurisdiction. 28 U.S.C. 1441(a), (b). The removing party bears the burden to show the existence of federal subject matter jurisdiction. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

Under 28 U.S.C. 1446(a), a defendant desiring to remove a civil action from state court can do so by filing a notice of removal in federal court setting forth a short and plain statement of the grounds for removal. In this case, the notice of removal alleged that this court had jurisdiction over the action because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000 (Doc. 1, ¶4). See 28 U.S.C. 1332(a).

The plaintiff timely filed its motion to remand within 30 days after the filing of the notice of removal (Doc. 11). 28 U.S.C. 1447(c). The

removal-remand scheme set forth in 28 U.S.C. 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007). Impled defendant, GECC, in its notice of removal, contended that complete diversity exists between the parties (Doc. 1, ¶4). Thus, the plaintiff is a citizen of the State of Florida, and the original defendants THI and THMI are citizens of Delaware, with principal places of business in Maryland (id., ¶¶ 8, 9). Moreover, GECC is a Delaware corporation with its principal place of business in Connecticut (id., ¶7). Impled defendant Schron is a resident of New York (id., ¶10). There is no dispute that the parties are diverse.

GECC further alleges that the amount in controversy exceeds $75,000 (id., ¶13). The plaintiff, on the face of the documents before the court, seeks to collect millions of dollars from the impled defendants based on the final judgment against the original defendants in the amount of $110 million (id.). Therefore, the jurisdictional amount was satisfied at the time of removal. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Accordingly, GECC has shown facts indicating that federal jurisdiction exists. Lowery v. Alabama Power Co., supra, 483 F.3d at 1211.

III.

The plaintiff does not dispute that GECC has proven facts to establish diversity jurisdiction. Rather, the plaintiff seeks remand on the basis that her claim for fraudulent transfer against the impled defendants is supplemental, ancillary, or incidental, to the underlying negligence claim and not a removable "civil action" under 28 U.S.C. 1441(a).

This case was removed to federal court after the plaintiff, as judgment creditor, initiated proceedings supplementary under §56.29(6)(b), Fla. Stat., to reach the defaulted defendants' assets that were allegedly transferred to the impled defendants, GECC and Schron, for the purpose of delaying, hindering, or defrauding the plaintiff's effort to collect on a $110 million judgment. In her quest to recover funds allegedly transferred fraudulently to GECC and Schron, the plaintiff seeks to remand this case to the state court which rendered the underlying $110 million judgment (Docs. 11, 39). GECC opposes the motion (Docs. 19, 56).

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). While the statute does not define the term "civil action," it is said that "the federal courts have broadly construed th[at] term." 14B C. Wright, A. Miller, E. Cooper & J. Steinman, Federal Practice & Procedure, Jurisdiction §3721, p. 28 (4th ed. 2009). In particular, "proceedings for garnishment ... are considered civil actions within the meaning of the federal removal statute." Id., pp. 28-33.

Tellingly, the plaintiff in her memorandum in support of her motion to remand stated that the removed claim is "akin to a garnishment proceeding" (Doc. 11, p. 7). She then argued, on the basis of two nineteenth century cases and two district court cases, one from 1939, that garnishment proceedings are not removable (id., pp. 7-10).

GECC, in turn, enthusiastically agreed with the plaintiff's analogy to a garnishment proceeding (Doc. 19, pp. 2, 6). It then proceeded to demonstrate that the weight of authority holds that garnishment actions are removable (id., pp. 7-8). As indicated, that is the position stated in the Federal Practice and Procedure treatise. More importantly, there is binding

Eleventh Circuit authority that garnishment proceedings are removable. Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979)[3]; Webb v. Zurich Insurance Co., 200 F.3d 759, 760 (11th Cir. 2001).

The plaintiff, in her reply, did not mention garnishment at all (Doc. 39). Nevertheless, the Eleventh Circuit authority demonstrates that cases involving garnishment proceedings provide the proper analysis in this matter.

In Butler v. Polk, supra, the plaintiff, as administrator of his wife's estate, obtained a judgment in state court against defendant Polk based on a vehicle collision between his wife's car and Polk's truck. After the judgment was obtained, the plaintiff secured in the state court case a writ of garnishment against United States Fidelity and Guaranty Company ("USF&G"), which allegedly had insured Polk's truck. USF&G removed the matter to federal court. The case proceeded to trial, and USF&G prevailed. The plaintiff appealed, contending, among other things, that the garnishment action was not a separate and independent action and was therefore not

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

removable under §1441. The former Fifth Circuit held, however, that "the writ of garnishment was properly removed." 592 F.2d at 1295.

The court based this conclusion on three factors. "First, garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action." Id. In support of that proposition, the court cited decisions from the Eighth, Ninth, and Tenth Circuit Court of Appeals. Id. at 1295-96. It added that the cases "reflect a recognition that actions such as this are in effect suits involving a new party litigating the existence of a new liability." Id. at 1296. Second, the court in Butler considered that "the pleadings of the plaintiff are couched in terms of individual liability on the part of USF&G." Id. Third, the court acknowledged that, under applicable Mississippi law, the writs of garnishment could not initially be brought in a single action. Id. However, it noted that the proper characterization of an action under §1441 is essentially a matter of federal law, and that the state law "merely reinforces our determination that the suit against USF&G can properly be viewed as a separate action." Id. at 1296 n. 7.

Butler v. Polk was followed by the Eleventh Circuit in Webb v. Zurich Insurance Co., supra. In Webb, the plaintiff sued a shopping mall for a leg injury suffered in a fall, and obtained a default judgment. She filed for a writ of garnishment in Alabama state court against Zurich Insurance Company, which supplied liability insurance to the mall. "Zurich removed the case to federal court alleging that the garnishment proceedings were a separate and independent cause of action with diversity of the parties." 200 F.3d at 760. The court of appeals stated that "[a] magistrate judge correctly denied Webb's motion to remand the case." Id. In support of that conclusion, the court cited Butler v. Polk for the principle that "garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable." Id.

Butler v. Polk and Webb v. Zurich Insurance Co. show that the $110 million fraudulent transfer claim against GECC is removable under §1441. The claim is clearly independent of the underlying action, which alleged mistreatment in a nursing home. Moreover, the plaintiff alleges individual liability on the part of GECC based not on misconduct at the

nursing home, but on alleged fraudulent transfers. In short, this is a new claim against a new party.

Furthermore, the relationship of GECC to the underlying action is even more remote than the putative garnishees in <u>Butler</u> and <u>Webb</u>. The garnishees there were insurers which arguably were obligated to pay the tort claims. According to GECC, without challenge from the plaintiff, its connection to the underlying suit is that it merely received payments on secured loans made to THI subsidiaries (Doc. 19, p. 4 n. 4). Under this circumstance, there is even a stronger argument for viewing the claim against GECC as an independent action.

There is a difference between this case and <u>Butler</u>, but that is inconsequential. In <u>Butler</u>, the court noted that the parties agreed that under Mississippi law the writs of garnishment could not initially be brought in a single action. 592 F.2d at 1296. In this case, the plaintiff argues extensively that under Florida law garnishment proceedings are supplementary or ancillary matters that do not constitute independent actions. That argument, however, is beside the point. In <u>Butler</u>, the court noted that "the proper characterization of an action under §1441 is essentially a matter of federal

law," and that "the characterization imparted to a proceeding by state law is not determinative." 592 F.2d at 1296 n.7.

Therefore, whether a garnishment claim like that asserted against GECC is a civil action within the meaning of §1441 is a matter of federal law. And the binding decisions of Butler and Webb establish that under federal law the garnishment claim against GECC is removable under that section. Consequently, I recommend that the motion to remand (Doc. 11) be denied.[4]

Respectfully submitted,

THOMAS G. WILSON
DATED: APRIL 29, 2011          UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

---

[4] It is noted that the plaintiff did not make any argument that the removal was improper because the entire case had been pending for more than one year, see 28 U.S.C. 1441(b), or because Schron had not expressly consented to removal. Accordingly, any such arguments are waived. Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir. 1992); City of Cleveland v. Ameriquest Mortgage Securities, Inc., 615 F.3d 496, 501 (6th Cir. 2010); Masterson v. Apotex, Corp., 2008 WL 2823944 at *1 (S.D. Fla. 2008).

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).