UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF JUANITA
AMELIA JACKSON,

    Plaintiff,

v.                              CASE NO:  8:10-cv-2937-T-33TGW

TRANS HEALTH MANAGEMENT,
INC., et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Fundamental Long Term Care Holdings, LLC's Emergency Motion to Enjoin State Court Proceedings Conflicting with This Court's Jurisdiction Over This Case (Doc. # 78). Plaintiff filed a Response in Opposition thereto (Doc. # 81), and, with leave of Court, Fundamental Long Term Care filed a Reply (Doc. # 86). Fundamental Long Term Care moves this Court pursuant to 28 U.S.C. § 1446(d) and 2283 and Local Rule 3.01(e) for an emergency order enjoining the state court from taking any further action in the proceedings supplementary now pending in state court (the "second proceedings supplementary").

Plaintiff obtained a $110,000,000 default judgment from the Polk County Circuit Court in July 2010. In December 2010,

Plaintiff impleaded two new defendants in a proceedings supplementary pursuant to Fla. Stat. § 56.29(6)(b) in an effort to enforce the judgment as against them (the "original proceedings supplementary"). One of the impleaded defendants, General Electric Capital Corporation, removed the case to this Court by Notice of Removal filed on December 30, 2010. Plaintiff moved to remand the case back to state court. Magistrate Judge Wilson entered a Report and Recommendation recommending that the motion to remand be denied finding that the garnishment claim is removable under federal law as a separate civil action. On May 23, 2011, this Court adopted the Report and Recommendation and denied Plaintiff's motion to remand.

On May 16, 2011, Plaintiff moved to implead fourteen new defendants, including Fundamental Long Term Care, in the state court in the second proceedings supplemental to execution. The state court granted the motion by order to show cause dated May 23, 2011. The May 23, 2011 order directs the newly-impleaded defendants to show cause why they should not pay the judgment within 20 days of the date of the order and to submit to an evidentiary hearing in the state court on June 30, 2011, to determine their liability for the judgment. Fundamental Long Term Care submits that it must comply with the May 23

order, or risk entry of a $110,000,000 default judgment against it. Accordingly, it seeks an order enjoining the state court from taking further action in the second proceedings supplementary.

Fundamental Long Term Care's arguments that this Court has the authority to enjoin the state court proceedings hinge on the assumptions that this Court removed the entire underlying action or that the removed cause of action necessarily subsumes the second proceedings supplementary to which Fundamental Long Term Care now finds itself a party. These assumptions, however, are incorrect.

The Magistrate Judge in his Report and Recommendation cited Butler v. Polk, 592 F.2d 1293, 1295 (5th Cir. 1979),[1] for the proposition that garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action. Further, the Magistrate Judge noted that there was binding Eleventh Circuit authority that garnishment proceedings are removable. Id.; Webb v. Zurich Ins. Co., 200 F.3d 759, 760 (11th Cir. 2001). Adopting the Report and Recommendation, this Court found the original

---

[1] The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

3

proceedings supplementary to be removable under federal law as a separate and independent cause of action from the primary action. As such, the primary underlying action was not removed to this Court; only the original proceedings supplementary to execution as to GECC and Rubin Schron.

The question before the Court then becomes whether or not the second proceedings supplementary to which Fundamental Long Term Care is a party is part of the same cause of action that was removed to this Court. This Court finds that Fundamental Long Term Care has failed to establish that the second proceedings supplementary against it is the same cause of action as that in the case at bar[2] and, as such, has failed to establish a basis for the injunction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Fundamental Long Term Care Holdings, LLC's Emergency Motion to Enjoin State Court Proceedings Conflicting with This Court's Jurisdiction Over This Case (Doc. # 78) is **DENIED.**

---

[2]The Court also questions Fundamental Long Term Care's ability as a non-party to seek from this Court an injunction against the state court proceedings. The parties, however, did not raise this issue, and the Court need not reach it as the motion is being denied on other grounds.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

5