UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ESTATE OF JUANITA AMELIA
JACKSON, by and through CATHY
JACKSON-PLATTS f/k/a CATHERINE
WHATLEY, Personal Representative,

       Plaintiff,

v.                    CASE NO:  8:10-cv-2937-T-33TGW

TRANS HEALTH MANAGEMENT, INC.,
TRANS HEALTHCARE, INC., RUBIN
SCHRON, and GENERAL ELECTRIC
CAPITAL CORPORATION,

       Defendants.
_____/

**ORDER**

     This cause comes before the Court pursuant to Plaintiff's
(the "Estate") Emergency Motion for Reconsideration of May 23,
2011, Order Denying Plaintiff's Motion to Remand to State
Court and, in the Alternative, Plaintiff's Emergency Motion to
Certify District Court's Determination of Motion for Remand
for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).
(Doc. # 82).   Impled Defendant General Electric Capital
Corporation ("GECC") filed an Opposition thereto.   (Doc. #
92).   The Estate filed Supplemental Authority in support of
its motion (Doc. # 106), and GECC filed a Response to the
Supplemental Authority (Doc. # 107).  Based on an intervening

change in the posture of this case as discussed herein, the Court finds that the case should be remanded on abstention principles.

I.   <u>Background</u>

The underlying action to this case was filed in Florida state court by the Estate based on claims of negligence and wrongful death against Defendants Trans Health Management, Inc. ("THMI") and Trans Healthcare, Inc. ("THI"), which owned and managed the nursing home where Jackson was allegedly fatally injured.  Prior to trial, THI filed an Emergency Voluntary Petition for Appointment of Receiver in the Baltimore County Circuit Court in Maryland.  (Doc. # 23-15 at 3; <u>see</u> Doc. # 34-6).  A receivership was approved by the Maryland court and on January 8, 2009, Michael L. Sandnes was appointed receiver.  (Doc. # 23-15 at 3-7).  Thereafter, according to the parties, the receiver ceased funding THI's defense.  Furthermore, the parties agree that THMI is no longer operating and is possibly defunct.  Default was entered in the Florida state case on July 7, 2010, because defendants, unable to fund their defense, "fail[ed] to plead or otherwise defend as provided by FRCP 1.500(b)."  (Doc. # 5-10 at 3).  The Florida state case went forward with the jury trial at

2

which the defendants were not represented.[1]

The jury found the defendants jointly and severally liable for negligence and wrongful death, in the amounts of $10 million in compensatory damages and $100 million in punitive damages. Judgment was entered against the defendants. (Doc. # 5-8 at 2-3). Thereafter, execution of the final judgment was authorized as to the defendants to satisfy the debt. (Doc. # 23-17).

The Estate, being unsuccessful in its efforts to collect on the judgment, sought to recover assets that had been transferred by THI or THMI for the purposes of delaying, hindering or defrauding the Estate's effort to collect on the judgment. <u>See</u> Fla. Stat. § 56.29(6)(b). On December 14, 2010, in connection with these post-judgment enforcement proceedings, the Florida state court granted the Estate's motion to implead GECC and Rubin Schron on allegations that THI and THMI's assets were fraudulently transferred to GECC and Schron. On December 30, 2010, GECC filed a notice of

---

[1]The Court notes that the judge in the Maryland case ordered a stay of "[t]he continuation of a judicial ... action or proceeding against [THI] that was ... commenced before the commencement of this proceeding or to recover a claim against ... [THI] that arose before the commencement of this case." (Doc. # 23-15 at 5). However, the Florida court denied the defendants' motion to stay the case and proceeded to trial.

3

removal of the suit to federal court based on diversity jurisdiction in accordance with 28 U.S.C. § 1446. (Doc. # 1).

The Estate moved to remand the case to state court. The Honorable Thomas G. Wilson entered a Report and Recommendation finding that § 56.29 proceedings supplementary are removable under federal law as a separate civil action and recommending that the motion to remand be denied. (Doc. # 61). On May 23, 2011, this Court adopted the Report and Recommendation and denied the Estate's motion to remand. (Doc. # 68).

On May 16, 2011, Plaintiff moved to implead fourteen new defendants in state court in the second proceedings supplementary to execution. The state court granted the motion by order to show cause dated May 23, 2011.

Eleven of the fourteen newly impled defendants from the second proceedings supplementary filed six notices of removal in this Court. Three impled defendants remained in state court. These six removed actions were assigned to four judges and, after four sua sponte transfers, the six actions were all transferred to the Honorable Steven D. Merryday.

Arguing that § 56.29 proceedings supplementary are not "civil actions" removable under 28 U.S.C. § 1441(a) and that the Estate and the fourteen parties in the second proceedings supplementary were not diverse, the Estate moved to remand the

4

actions to state court.  Judge Merryday entered orders finding that a federal district court does not have original jurisdiction over a § 56.29 proceedings supplementary and remanding the six actions to state court.  <u>See</u> Doc. # 106, Exh. 1-6.

II.  <u>Standard of Review</u>

Federal courts are courts of limited jurisdiction and removal statutes are to be strictly construed.  <u>Cybernetics & Servs., Inc. v. Hitachi Data Sys. Corp.</u>, 3:09-cv-231-J-32HTS, 2009 WL 2151197, at *2 (M.D. Fla. July 16, 2009)(citing <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999)).  The removing party bears the burden of demonstrating that removal is proper.  <u>See Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  Because removal implicates central concepts of federalism and infringes upon state sovereignty, any doubts about jurisdiction should be resolved in favor of remand.  <u>See Univ. of S. Ala.</u>, 168 F.3d at 411.

III. <u>Analysis</u>

When the Court first considered the motion to remand, there were only two impled defendants and both were defendants in the case at bar.  Since the Court first considered the motion to remand, fourteen more impled defendants have been added, who, after removal and remand, are now all proceeding

in the state court action. This development newly raises issues of comity and federalism because the state court is confronting identical legal and factual questions as those presented in the instant action.

"It is well established that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Stabler v. Transp. Ins. Co., No. # 06-0237-WS-M, 2006 U.S. Dist. LEXIS 50540, at *22 (S.D. Ala. July 21, 2006)(quoting Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1328 (11th Cir. 2004)). However, the Colorado River[2] abstention doctrine and principles of comity and federalism both persuade this Court that federal jurisdiction should not now be exercised in this case. "[W]hile a federal court is not precluded from exercising jurisdiction if there is also a pending parallel state court action, 'a district court is under no compulsion to exercise that jurisdiction where the controversy may be settled more expeditiously in the state court.'" Id. at * 23 (quoting Will v. Calvert Fire Ins. Co., 437 U.S. 655, 662-63 (1978)).

_____

[2]Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

A.   Colorado River Abstention Doctrine

It may be appropriate for a federal court to refrain from exercising its jurisdiction in the interests of wise judicial administration when there is an ongoing parallel action in state court and exceptional circumstances exist. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). A federal court may stay, dismiss or remand an equitable action[3] pursuant to the Colorado River abstention doctrine when these exceptional circumstances exist. See Stabler, 2006 U.S. Dist. LEXIS 50540, at * 27 (citing Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004)). "[O]nly the clearest of justifications will warrant dismissal of the federal action" under that doctrine.

---

[3]The Supreme Court has held that "federal courts have the power to dismiss or remand [in addition to stay] cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 731 (1996). "[A] federal court's power to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law." Superior Beverage Co., Inc. v. Schieffelin & Co., 448 F.3d 910, 913 (6th Cir. 2006)(citing Quackenbush, 517 U.S. at 731)). There is no dispute in this case that a § 56.29 proceedings supplementary is an equitable remedy. See Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc., 688 F. Supp. 1516, 1517-18 (S.D. Fla. 1988)(the intent of the Florida legislature was that § 56.29 proceedings supplementary to execution provide a swift, summary disposition of issues through the relief of equitable remedies).

Ambrosia Coal, 368 F.3d at 1329 (citation omitted).

In assessing whether Colorado River abstention is proper, the Eleventh Circuit has identified six factors for district courts to consider: (1) whether any court has assumed jurisdiction over property, (2) the relative inconvenience of the fora, (3) the potential for piecemeal litigation, (4) the temporal order in which each forum obtained jurisdiction, (5) whether state or federal law governs, and (6) whether the state court is adequate to protect the parties' rights. See Ambrosia Coal, 368 F.3d at 1331; see also Noonan S., Inc. v. Volusia County, 841 F.2d 380, 382 (11th Cir. 1988). The Court notes that these factors must be weighed with a heavy bias in favor of exercising jurisdiction. TransSouth Fin. Corp. v. Bell, 149 F.3d 1292, 1295 (11th Cir. 1998)(citations omitted). Although no one factor is necessarily dispositive, Ambrosia Coal, 368 F.3d at 1332, "[o]ne factor alone can be the sole motivating reason for abstention." Moorer, 374 F.3d at 997.

The first factor is not at issue here as there is no property over which either court has assumed jurisdiction. The relative inconvenience of the fora, likewise, does not favor one court over the other. The remaining factors, however, weigh heavily in favor of abstention.

There is no doubt that piecemeal litigation will result

8

if federal jurisdiction is exercised.  The parties involved in the proceedings supplementary, split between this Court and the state court, will both be litigating issues relating to the allegedly fraudulent transfer of THI's and THMI's assets to all the impled defendants.  The allegations of collusion and intertwined transactions between the impled defendants emphasize the need, instead, for a single forum.

As to the temporal order in which each forum obtained jurisdiction, the state court action was filed on July 30, 2004, and the state court has been vested with jurisdiction as to the underlying action for more than seven years.   On December 10, 2010, the Estate filed its motions to implead the Defendants in the instant action.  On December 14, 2010, the state court judge granted the motions to implead.   These proceedings supplementary were removed to this Court on December 30, 2010.  As such, the state court had jurisdiction long before this Court as to the underlying action, but just weeks before this Court as to the proceedings supplementary. The Supreme Court has clarified that this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983).  The progress made in the two

actions in terms of the proceedings supplementary is equivalent as both are basically at the show cause stage as to the allegedly fraudulent transfers.

Further, this case was removed on diversity jurisdiction with no federal question involved. See Colo. River, 424 U.S. at 815-16 (the presence of a federal claim as the basis for jurisdiction raises the level of justification needed for abstention). Because only state law is involved and it governs the § 56.29 proceedings supplementary, the state court is a more appropriate forum than the federal court to resolve the substantive state law issues involved. Finally, this Court has no reason to believe anything other than that the state court is more than adequate to protect the parties' rights.

Accordingly, in weighing these factors, the Court finds that exceptional circumstances exist such that application of the Colorado River abstention doctrine is perfectly suited to prevent undue encroachment on state court proceedings, waste of federal judicial resources, and duplication of effort by parallel courts. See Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc., 850 F. Supp. 176 (E.D.N.Y. 1994)(finding exceptional circumstances warranted dismissal under Colorado River abstention doctrine where New York supplementary

10

proceedings involved same relief, issues and substantially the same parties that were involved in federal court).

B.    Comity and Federalism

The Eleventh Circuit explained that "[p]rinciples of comity come into play when separate courts are presented with the same lawsuit," and that in such circumstances "one court must yield its jurisdiction to the other." Merrill Lynch, Pierce, Fenner & Smith v. Haydu, 675 F.2d 1169, 1173 (11th Cir. 1982). The following should be considered when deciding whether to yield jurisdiction: (1) "a court having jurisdiction over all matters in dispute should have jurisdiction of the case" to avoid fragmenting the dispute for resolution in two different fora; and (2) "[i]n absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." Id. at 1173-74.

Consideration of these principles as applied to the case at bar supports abstention. Not only did the state court have jurisdiction of the underlying action, but now has jurisdiction over the majority of the impled defendants. Common sense dictates that it would be far more efficient to allow the court with jurisdiction over the majority of the dispute to rule on it in its totality than to piecemeal the

issues between the two courts.  The current posture of the two proceedings would cultivate the possibility of inconsistent rulings.  As such, these concerns compel a state court resolution of this matter.  See id. at 1174.

IV.  Conclusion

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Colo. River, 424 U.S. at 817.  However, "'virtually' is not 'absolutely,' and in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003)(citing New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989)).  This is one of those exceptional cases that warrants abstention of federal jurisdiction and compels a state court resolution of the proceedings supplementary.

Accordingly, it is

ORDERED, ADJUDGED, and DECREED:

(1)  Plaintiff's Emergency Motion for Reconsideration of May 23, 2011 Order Denying Plaintiff's Motion to Remand to State Court (Doc. # 82) is GRANTED.

(2)  Plaintiff's Motion to Strike Impled Defendant GECC's Response (Doc. # 108) is DENIED AS MOOT.

(3)   The Clerk is directed to remand this case to state

court and then to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u>

day of September, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record